493 F.2d 1345
 In the Matter of LUDLUM ENTERPRISES, INC., Bankrupt.
J. B. BOOHER and Daniel Wincor, Appellants,
v.
David S. SEARLES, Trustee, Appellee.
No. 74-1039 Summary Calendar.*
*Rule 18, 5 Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Company of New York et al., 5 Cir. 1970,
431 F.2d 409, Part 1.
 United States Court of Appeals, Fifth Circuit.
 May 13, 1974.
 
 J. B. Booher and Daniel Wincor, pro se.
 Friedman, Britton & Stettin, Herbert Stettin, Miami, Fla., for appellee.
 Robert W. Rust, U.S. Atty., Miami, Fla., for the United States.
 Before BELL, SIMPSON and MORGAN, Circuit Judges.
 SIMPSON, Circuit Judge:
 
 
 1
 Appellants Booher and Wincor have appealed an adverse finding by the referee in bankruptcy, affirmed on petition for review by the district court, as to the priority of their interest in the assets of the bankrupt. The sole question before us is whether the amended involuntary petition in bankruptcy which formed the basis for the adjudication dates from its filing or relates back under F.R.Civ.P. 15(c) to the filing date of the original petition which it amended. If the amended petition relates back to the filing date of the original, appellants' secured interest would constitute a preference as perfected within four months of that date. The effect would then be to void the secured interest priority with respect to claims against the bankrupt. On the other hand, since it was perfected more than four months before the filing of the amended petition, if that filing date is used, appellants' claim does have priority. Decision of this question was necessary but neither the referee nor the district court dealt directly with the factual issue raised by the appellants. We remand to the district court with directions to require that a factual finding in this regard be made by the referee.
 
 
 2
 Appellants are practising attorneys. They entered into a security agreement with Ludlum Enterprises on June 30, 1971, acquiring a security interest in Ludlum's accounts receivable to secure payment for legal services, described as 'all debts, liabilities and obligations of any kind, wherever and however incurred of Debtor to Secured Party. That interest was not perfected until November 15, 1971, when appellants filed the appropriate financing statement with the Secretary of State of Florida in Tallahassee, Florida. On December 10, less than a month later, an involuntary petition in bankruptcy was filed by three of Ludlum's creditors, alleging as the sole act of bankruptcy that Ludlum had suffered the appointment of a receiver for its property in a state court proceeding. An adjudication of bankruptcy was made on this basis, but it was later challenged and set aside due to improper service of process.
 
 
 3
 On May 18, 1972, an amended petition in bankruptcy was filed by the same three creditors, joined by three additional ones, reiterating the receivership claim and asserting two additional acts of bankruptcy. The referee held that this petition related back to the date of the original and that therefore the November 15, 1971, perfection of appellants' security interest was a preference because within four months of the December 10, 1971 petition. The referee adjudged Ludlum Enterprises, Inc. a bankrupt based upon the amended petition, but failed to specify the particular act of bankruptcy relied upon as the ground therefor. The adjudication was not challenged. Thereafter the referee filed his report as to creditors and order upon the same, denying appellants priority for their claim. A petition for review was filed with the district court, and that court's order affirmed the finding of the referee, again without singling out any specific act of bankruptcy as a basis for the adjudication.
 
 
 4
 There is no dispute as to the applicable law. In bankruptcy proceedings amended petitions alleging already pleaded acts of bankruptcy in amplified or modified form relate back to the filing date of the original petition. Conversely, acts not previously alleged do not relate back, but date from the filing of the amended petition. See, e.g., Wynne v. Rochelle, 5 Cir. 1967, 385 F.2d 789; In re Louisell Lumber Co., 5 Cir. 1913, 209 F. 784. Clearly, if the adjudication of bankruptcy had been grounded upon either of the two new acts alleged in the amended petition, appellants would be entitled to priority because the petition would not relate back to the original. Appellants argued below that the repeated ground, appointment of a receiver for the bankrupt, could not have been properly relied upon for adjudication because it was not the type of receivership contemplated by Section 3a(5) of the Bankruptcy Act.
 
 
 5
 In light of these facts we might have assumed that, given the specific challenge by appellants, the referee and district court must necessarily have determined that the receivership was within Section 3a(5) and thus the amended petition related back to December 10, 1971. But the record reveals that the issue was never squarely faced. The referee found that 'there being no previous determination as to the character of the receivership and no evidence as to such character in this proceeding, the Court concludes that the amendment did relate back to the original date . . .' App. at 12. In passing on the same issue, the district court held that 'from all that appears in this file, the act alleged in the original petition in bankruptcy is or could have been the act on which the present adjudication in bankruptcy is based.' App. at 4.
 
 
 6
 We think this will not suffice. Appellants are entitled to know whether the referee relied upon the receivership, and are entitled to challenge that reliance as outside the Bankruptcy Act if they so choose. If the receivership is found to be outside the Act, then appellants must be accorded the priority for which they ask, as there can be no doubt that the amended petition cannot relate back to the date of the original. The order appealed from is vacated and the case is remanded to the district court with instructions to direct the referee to make a specific finding with respect to the ground relied upon for the adjudication of bankruptcy in this case.
 
 
 7
 Vacated and remanded.