In re Lorraine LUBIN, Debtor.

SCARSDALE NATIONAL BANK AND
TRUST COMPANY, Plaintiff,

v.

Lorraine LUBIN, Defendant.

Bankruptcy No. 85 B 20465.
No. 86 ADV. 6003.

United States Bankruptcy Court,
S.D. New York.

June 2, 1986.

Robert G. Cucinell, Hartsdale, N.Y., for
Scarsdale Nat. Bank and Trust Co.; Frank
J. Haupel, of counsel.

Belkin, Natale & Oxman, Yonkers, N.Y.,
for Debtor; Marshal Belkin, of counsel.

## DECISION ON OBJECTIONS TO DISCHARGE

HOWARD SCHWARTZBERG, Bank-
ruptcy Judge.

The plaintiff, Scarsdale National Bank
and Trust Company, has filed a complaint

against the debtor, Lorraine Lubin, which seeks to deny her discharge in bankruptcy under U.S.C. 11 § 727(a)(2), (3), (4), and (5). The debtor having denied the allegations in the complaint the matter was set down for trial resulting in the following:

## FINDINGS OF FACT

1. The debtor filed with this court her voluntary petition for relief under Chapter 7 of the Bankruptcy Code on October 2, 1985.

2. The plaintiff, Scarsdale National Bank and Trust Company, is a judgment creditor of the debtor in the amount of $10,324.99.

3. Prior to 1982 the debtor was engaged in business as a licensed representative authorized to take orders for the purchase and sale of stocks, bonds and options under the name of Lorraine Lubin, Ltd. Lorraine Lubin, Ltd. was organized as a corporation. This firm cleared its transactions through a member of the New York Stock Exchange. The firm was formed in 1976 and operated out of the debtor's home. Her husband actually operated the business and took the orders for the purchase and sales of securities. The debtor did the books for the business.

4. Lorraine Lubin, Ltd. ceased doing business in 1982 at which time the debtor underwent cancer surgery followed by chemotherapy treatments. The debtor's husband continued to do business on his own until he committed suicide on July 25, 1984. Although Lorraine Lubin, Ltd. was not formerly dissolved it was disqualified by the Securities and Exchange Commission from carrying on any business in 1983 because it did not meet prescribed financial requirements. Accordingly, for all intents and purposes the corporation's active existence terminated in 1983.

5. On August 8, 1984 the debtor received the proceeds of a life insurance policy in the amount of $28,784.23 with respect to her husband's death. She deposited these funds on August 16, 1984 in an account with the Manhattan Savings Bank. Thereafter, the funds were used by the debtor for living expenses for herself and her children until such time as she was able to obtain employment as a receptionist. She is presently employed by a New York hospital.

6. The debtor's bank account statement with the Manhattan Savings Bank as of August 31, 1985 revealed a balance of $8454.94. The bank statement for the following month for the period ending September 30, 1985 revealed a zero balance. During the month of September 1985 the debtor withdrew all of the funds at various times, the largest amounting to approximately $5823.03 on September 7, 1985.

7. The debtor testified that in August, 1985 she and her daughter took a ten day vacation in Europe as a special treat in light of past unhappy events. The debtor gave her daughter approximately $5000 from the Manhattan Savings Bank account to cover the cost of this trip.

8. She further testified that some time after the filing of her bankruptcy petition she opened up a new account with the Manhattan Savings Bank in the amount of approximately $3000. She testified that the money came from the funds previously maintained in the Manhattan Savings Bank account which had been closed the month before she filed her petition in bankruptcy.

9. The debtor also testified that shortly before she filed her bankruptcy petition she withdrew funds from her bank account to enable her daughter to pay an automobile loan obligation with respect to a vehicle that was purchased for her daughter by the debtor's husband before his death.

10. The debtor's schedules do not reveal the existence of any bank account or cash on hand when she filed her petition. In her statement of affairs the debtor responded that she had made no unusual gifts or transfers. The debtor's schedules reveal no assets. Her unsecured liabilities total $253,774.70.

## DISCUSSION

■ In reviewing an objection to a discharge in bankruptcy a court must be sen-

sitive to the fact that the relief afforded in bankruptcy cases was intended to permit an honest debtor to obtain a fresh start free from debt. Therefore, objections to a discharge must be construed strictly against the objectant and liberally in favor of the debtor. *Bank of Pennsylvania v. Adlman (In re Adlman)*, 541 F.2d 999 (2d Cir.1976); *In re Kokoszka*, 479 F.2d 990, 996 (2d Cir.1973), *aff'd sub nom Kokoszka v. Belford*, 417 U.S. 642, 94 S.Ct. 2431, 41 L.Ed.2d 374 *reh. denied*, 419 U.S. 886, 95 S.Ct. 160, 42 L.Ed.2d 131 (1974); *In re Tabibian*, 289 F.2d 793, 795 (2d Cir.1961). Pursuant to Bankruptcy Rule 4005, the plaintiff has the burden of proving its objection to the debtor's discharge.

■ The plaintiff's allegation that the debtor did not list as an asset the stock certificates with respect to Lorraine Lubin, Ltd., a corporation which ceased to do business as a stock representative in 1983, is not sufficient grounds to bar the debtor's discharge. *In re McCrea*, 161 F. 246, 249 (2d Cir.1908); *In re Gugliada*, 20 B.R. 524, 528–529 (Bankr.S.D.N.Y.1982). An average debtor might reasonably believe that the stock was of no value and therefore neglect to list the stock in the bankruptcy schedules.

The debtor's failure to reveal that she had on hand cash from a recently closed out bank account and her subsequent deposit of approximately $3000 of these funds in a new bank account shortly after the filing of her petition is a different matter. This fact, coupled with the debtor's transfer of approximately $5000 to her daughter during the month preceding the filing of the debtor's bankruptcy petition and the debtor's recent prepetition gift of money to her daughter towards the payment of an automobile loan are matters of significance which should have been revealed in the debtor's bankruptcy petition.

### FALSE OATH

■ In order to obtain the blessings of a general discharge the debtor must reveal and not conceal her financial condition, because complete disclosure is the touchstone for receiving a bankruptcy discharge. *In re Underhill*, 82 F.2d 258, 259–260 (2d Cir.1936), *cert. denied* 299 U.S. 546, 57 S.Ct. 9, 81 L.Ed. 402 (1936); *In re Delancey*, 58 B.R. 762, 768 (Bankr.S.D.N.Y., 1986); *In re Switzer*, 55 B.R. 991, 997 (Bankr.S.D.N.Y.1986); *In re Silverman*, 10 B.R. 727, 731 (Bankr.S.D.N.Y.1981). The debtor's testimony at the trial confirmed the fact that she understood that the money in her bank account during the months preceding the filing of her bankruptcy petition would go to her creditors, which were numerous and whose claims exceeded $250,000. Accordingly, she decided to transfer funds to her daughter to defray her daughter's expenses and to deposit the remaining $3000 in a new bank account which she opened shortly after filing her petition in bankruptcy. The information as to the debtor's transfer of funds to her daughter and the withholding of the balance of the cash for the purpose of opening a new bank account was concealed from the debtor's creditors when she signed and swore to her petition and supporting schedules and statement of affairs. The debtor's answers to the questions in the petition and supporting papers to the effect that she had no cash on hand and had made no recent unusual transfers or gifts to members of her family were knowingly false. Regretably, the debtor's actions were misguided and unfortunate. Nevertheless, this conduct amounts to knowingly and fraudulently making a false oath when the debtor swore to the truth of the information contained in her bankruptcy petition and supporting papers. Pursuant to 11 U.S.C. § 727(a)(4)(A), a debtor's discharge must be denied if "the debtor knowingly and fraudulently, in or in connection with the case ... made a false oath or account." The deliberate omissions of assets and recent cash transfers will result in the denial of a discharge. *Chalik v. Moorefield (In re Chalik)*, 748 F.2d 616 (11th Cir.1984); *Diorio v. Kreisler-Borg Construction Co., (In re Diorio)*, 407 F.2d 1330, 1331 (2d Cir.1969) ("Statements called for in the schedules, or made under oath in answers

to questions propounded during the bankrupt's examination or otherwise, must be regarded as serious business" . . .); *Morris Plan Industrial Bank v. Finn*, 149 F.2d 591, 592 (2d Cir.1945).

## FRAUDULENT TRANSFER

 A debtor's transfer or concealment of property with intent to hinder, delay, or defraud creditors performed within one year before the date of the filing of the debtor's bankruptcy petition is grounds for denying a discharge pursuant to 11 U.S.C. § 727(a)(2)(A). The evidence in this case reveals that in August and September of 1985, the debtor transferred funds to her daughter to cover the cost of a trip to Europe and to pay her daughter's automobile loan. The debtor's testimony confirms that these transfers were made because the debtor wanted her daughter to have these funds otherwise the money would be taken by the debtor's creditors. In addition to the evidence of actual intent, a presumption of intent to defraud arises when valuable property has been gratuitously transferred, or transferred for inadequate consideration. *Marcus v. Marcus (In re Marcus)*, 45 B.R. 338, 344 (Bankr.S. D.N.Y.1984); *Baltic Linen Co., Inc. v. Rubin (In re Rubin)*, 12 B.R. 436, 441 (Bankr. S.D.N.Y.1981). Accordingly, the plaintiff has also sustained its burden of proof with respect to its objection to the debtor's discharge based upon 11 U.S.C. § 727(a)(2).

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the persons in this case in accordance with 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(J).

2. Plaintiff has sustained its burden of proof imposed under Bankruptcy Rule 4005 of establishing that the debtor has knowingly and fraudulently, in or in connection with the case, made a false oath proscribed by 11 U.S.C. § 727(a)(4)(A).

3. Plaintiff has sustained its burden of proof imposed under Bankruptcy Rule 4005

of establishing that the debtor, with actual intent to hinder, delay or defraud her creditors, has transferred property of the debtor within one year before the date of the filing of her petition for relief under Chapter 7 of the Bankruptcy Code, as proscribed under 11 U.S.C. § 727(a)(2)(A).

4. The debtor's discharge shall be denied.

SUBMIT ORDER.