**In the Matter of Charles T. BOBROFF, Debtor.**

**CONTINENTAL BANK, Plaintiff/Appellee,**

v.

**Charles T. BOBROFF, Defendant/Appellant.**

**Civ. A. No. 86–4911.**

United States District Court, E.D. Pennsylvania.

Jan. 7, 1987.

Andrew S. Bershad, Philadelphia, Pa., for plaintiff/appellee.

David Lyle Segal, Philadelphia, Pa., for defendant/appellant.

## MEMORANDUM AND ORDER

CAHN, District Judge.

The issue in this case is whether the bankruptcy judge was correct in denying Charles T. Bobroff ("debtor") a discharge under 11 U.S.C.A. § 727 (1979 & Supp. 1986). Because I find that the bankruptcy court's decision was not clearly erroneous, I affirm the court's decision.

### I. *Facts*

Debtor was the sole owner of two corporations, Zachary Fae, Inc., a retail shoe store, and Fae Enterprises, Inc. During the years 1979 and 1980, Continental Bank, ("Continental"), a creditor, made loans to these corporations that debtor personally guaranteed. The loans were secured, *inter alia*, by accounts receivable, inventory, fur-

niture, fixtures, cash, non-cash proceeds, and after-acquired property.

Although the record is not clear on the matter, debtor apparently suffered a nervous breakdown during 1980. He was subsequently hospitalized and medicated with mood stabilizers. *See* Tr. 85–86; Brief of Appellant at 4. When debtor defaulted on the debt owed to Continental, Continental obtained a judgment and scheduled a sheriff's sale. After the sale, Continental discovered that the sheriff's inventory did not match an earlier inventory that Continental had secured. Missing items included shoes, jewelry, briefcases, paintings, and decorations. Debtor then filed a petition for relief under Chapter 7 of the Bankruptcy Code. Pursuant to two court orders, the Chapter 7 trustee, acting on information that debtor had hidden assets, seized certain property of the debtor from his home and from a house and garage owned by a Dr. Spector. Few of the assets found in debtor's home, and none of debtor's assets discovered in the Spector house and garage, had been listed in debtor's Chapter 7 schedules. These assets included paintings by debtor and others, a lithograph by Salvador Dali, an antique desk, and Chinese ceramics.

The assets debtor listed in his Chapter 7 schedule were substantially undervalued as listed or, at least, were undervalued vis-a-vis the values listed in debtor's Chapter 13 statement, which was filed approximately one year after the Chapter 7 schedules. In the Chapter 7 schedule, for example, debtor placed a value on his household furnishings of $2,500.00. In his Chapter 13 statement, however, debtor valued those same furnishings at $11,800.00. Similarly, debtor's paintings, valued at under $300.00 in his Chapter 7 schedule, were valued at $58,150.00 in his Chapter 13 statement.

Debtor also had testified during a Rule 205(a) examination [1] that no other person

---

1. Former Bankruptcy Rule 205(a), applicable at the time in question, stated:

   (a) Examination on Application. Upon application of any party in interest, the court may order the examination of any person. The application shall be in writing unless made during a hearing or examination or unless a local rule otherwise provides.

   The material found in Rule 205(a) has been superseded by Bankruptcy Rule 2004(a).

had possession of any of his assets. It was revealed at trial, however, that a Jane Engel had at her home certain of debtor's possessions.

Continental subsequently brought suit objecting to discharge under 11 U.S.C. § 727, or, alternatively, seeking an exception to discharge under 11 U.S.C. § 523. The bankruptcy judge found that debtor knowingly and fraudulently had made false oaths, and the judge therefore denied discharge pursuant to 11 U.S.C. § 727(a)(4)(A). The judge also found that debtor concealed property with the intent to hinder, delay, or defraud a creditor of the estate, and therefore denied the debtor a discharge on this ground as well. 58 B.R. 950 (1986).

## II. Discussion

Section 727 of the Bankruptcy Code provides in pertinent part:

(a) The court shall grant the debtor a discharge, unless—

\* \* \* \* \* \*

(4) the debtor knowingly and fraudulently, in or in connection with the case—
(A) made a false oath or account....

The bankruptcy judge held that debtor fraudulently failed to disclose in his Chapter 7 schedules the existence of certain assets and that he substantially and fraudulently undervalued assets that were listed in the schedules. The judge also found that debtor made false statements during an oral examination. Accordingly, the judge denied debtor a discharge pursuant to 11 U.S.C. § 727(a)(4)(A).

Debtor argues that he did not fraudulently misstate the value of, or omit, assets from his Chapter 7 schedules. Rather, debtor contends, he followed the advice of a lay bankruptcy "counselor," who instructed debtor how to fill in the Chapter 7 schedules. Although debtor admits that the Chapter 7 schedules disclosed fewer assets than the Chapter 13 statement and that the assets in the first filing were undervalued, he argues that Continental did not meet its burden of proving that debtor knowingly or fraudulently made a false oath or account.

It is well established that a debtor's declaration that his schedule of property is "true and correct" constitutes an adequate ground for disallowal of discharge where the debtor has knowingly and fraudulently omitted assets from the schedule, see In re Breiner, 129 Fed. 155, 159 (D.C.Iowa 1904), or has knowingly and fraudulently understated the value of assets listed in the schedules, see In re Cycle Accounting Services, 43 B.R. 264, 273 (Bankr.E.D.Tenn. 1984). In this case, debtor failed to list in his Chapter 7 schedules several assets that later were discovered at the Spector residence. Instead of offering a credible explanation for the failure to list the assets, debtor blames his bankruptcy counselor, Mr. Baratini, for the omission of the assets from the schedule. At trial, debtor's answers to questions were evasive, and he continually blamed Mr. Baratini for other discrepancies in the Chapter 7 schedules. For example, debtor responded to a question by saying, "the true statement is that I went on the expertise of Mr. Baratini. He told me what to put here." Tr. 91. Debtor cannot, however, by such self-serving testimony avoid the responsibility for his actions. Debtor either knew, or should have known, the assets were undervalued as listed in the Chapter 7 schedules, yet he nevertheless followed his counselor's advice. "Statements called for in the schedules, or made under oath in answer to questions propounded during the bankrupt's examination or otherwise, must be regarded as serious business; reckless indifference to the truth ... is the equivalent of fraud." In re Diorio, 407 F.2d 1330, 1331 (2d Cir.1969) (per curiam). See also In re Mazzola, 4 B.R. 179, 183–84 (Bankr. D.Mass.1980), and cases cited therein (same). Even if the bankruptcy court believed that debtor had relied completely upon the advice of the bankruptcy advisor, the court could still correctly decide that debtor had fraudulently omitted assets from his bankruptcy schedules. See In re Mascolo, 505 F.2d 274, 277 n. 4 (1st Cir. 1974) ("the advice of counsel is not a defense when it is transparently plain that

the property should be scheduled") (citing 1A J. Moore & J. Mulder, Collier on Bankruptcy 1423 n. 10 [King ed. 1974]); *cf. In re Sinclair,* 284 Fed. 568, 570 (8th Cir. 1922) (intent found even though debtor omitted assets from schedules on advice of counsel).

This same analysis applies with equal force concerning debtor's undervaluation of assets in his Chapter 7 schedules. As the bankruptcy court noted, the difference between the valuation of assets is telling. On his Chapter 7 schedule, for example, debtor listed "3 lithograph pictures, 10 self-painted paintings and 20 books" and valued such possessions at $300.00; in his Chapter 13 statement, however, debtor listed twenty-four of his own paintings, valued at $116,300.00, three seriographs valued at $1,500.00, and other artwork valued at a total of $4,965.00. Again, debtor's sole explanation for the discrepancies is his complete reliance upon the advice of Mr. Baratini. As I discussed above, however, debtor cannot now hide behind the purported actions of his agent when debtor himself signed the unsworn declaration under penalty of perjury. *See* 28 U.S.C.A. § 1746 (Supp.1986) (in federal proceedings, an unsworn declaration under penalty of perjury is a permissible substitute for, and has the same force and effect as, a verification under oath.)

The bankruptcy court also denied debtor a discharge on the ground that he had made a false oath in a Rule 205(a) hearing. Although § 727(a)(4)(A) of the Bankruptcy Code most frequently has been applied to false bankruptcy schedules, the provision also has been applied to verbal false oaths. *See* 4 Collier on Bankruptcy ¶ 727.04 at 727–56 to –57 (15th ed.); *In re Braidis,* 27 B.R. 470, 472 (Bankr.E.D.Pa.1983). Debtor testified at the Rule 205(a) hearing that no other persons had custody of any of his furnishings, antiques, or art work, *see* Tr. 98, yet he admitted at trial that at the time of the hearing, he had been keeping art-

work at the house of Jane Engel. Tr. 97–99. Debtor's sole explanation for his false statements during the Rule 205(a) examination is that, because he was unrepresented by counsel, he "believed that the focus of the examination was on the corporation's bankruptcy, not his personal case or personal belongings." Brief of Appellant at 9. I am no more persuaded to accept debtor's excuse than was the bankruptcy judge, who was able to assess debtor's credibility.

In sum, I hold that the bankruptcy court's decision to deny debtor a discharge under 11 U.S.C. § 727(a)(4)(A) is not clearly erroneous.[2]

---

**2.** Because I agree with the bankruptcy court's decision under 11 U.S.C. § 727(a)(4)(A), I need not discuss the court's alternative holding that debtor, with the intent to hinder, delay, or defraud a creditor, concealed property of the estate.