In re Roy Allen MAXTED, Sr., Debtor.

Mary BOYLE, Plaintiff,

v.

Roy A. MAXTED, Sr.; Ben Sautter; Dottie Jette; John Hansen; Janeal C. Hansen, and Marcel Turcotte, Defendants.

Bankruptcy No. 86–20753.

Adv. No. 287/0005.

United States Bankruptcy Court,
D. Montana.

Jan. 4, 1988.

Ann L. Smoyer, Helena, Mont., for debtor.

Robert T. Cummings, Helena, Mont., for plaintiff.

Jonathan Motl, Helena, Mont., for defendants Sautter and Jette.

Richard L. Parish, Helena, Mont., for defendants Hansen.

John T. Flynn, Townsend, Mont., for defendant Turcotte.

Dunlap and Caughlan, Butte, Mont., trustee.

## ORDER

JOHN L. PETERSON, Bankruptcy Judge.

Brought for trial on September 17, 1987, was a Complaint of Mary Boyle against the Debtor/Defendant, Roy A. Maxted Sr. and co-defendants Ben Sautter, Dottie Jette, John C. Hansen and Marcel Turcotte. The gravaman of the Complaint alleges that Roy A. Maxted, Sr. and the co-defendants fraudulently transferred property of the Debtor among the Defendants to hinder or delay Mary Boyle's ability to execute on a judgment. Ms. Boyle received a judgment against Roy A. Maxted, Sr., on September 17, 1986, in a civil cause decided in the First Judicial District of the State of Montana. Thereafter, the judgment was duly issued to the Lewis and Clark County Sheriff for execution on September 25, 1986. The Sheriff attempted to execute on the judgment but it was not satisfied. At the

time that the judgment was entered, Maxted was the owner of 23.622 acres in Broadwater County, which he had previously sold on a Contract for Deed to John C. Hansen and wife Janeal. The Hansens defaulted on their purchase obligation to Maxted, yet six months later Debtor deeded the property to Hansens, so that Hansens could in turn deed it over to third parties Ben Sautter and Dottie Jette. This transfer took place on October 9, 1986, just 15 days subsequent to the Sheriff's unsatisfied execution and two months prior to the Debtor's filing of a petition under Chapter 7 of the Bankruptcy Code. It should be noted that Ben Sautter is the Debtor's ex-son-in-law and Dottie Jette is the Debtor's current wife.

The Complaint of Mary Boyle asks that the judgment debt of $17,200.00 owed her by Maxted be denied discharge under 11 U.S.C. § 727(a)(2)(A), that the transfer of the Hansen property to Sautter and Jette be voided, and that she be paid damages, both actual and punitive in excess of $100,-000.00. By bench ruling, as discussed later in this opinion, this Court held that Mary Boyle's Complaint seeking a general discharge under Section 727 was the only justifiable controversy before the Court on which she could obtain relief against Roy A. Maxted, Sr., and all other co-defendants were thus dismissed from this action as being improper parties.

■ Boyle's claim to set aside the transfer of the "Hansen" property to Sauter and Jette must be dismissed. As a creditor, Mary Boyle does not have standing to bring about such action.

"The § 548 avoidance power is available solely to the trustee, and not to creditors. *Appel v. Steamboat Ski Corp.*, (*In re Smythe*), 28 B.R. 882 (Bankr. D. Colo. 1983); *Citicorp v. Davidson Lumber Co.*, (*In re Davidson Lumber Co.*), 19 B.R. 871 (Bankr. S.D. Fla. 1982); *In re Phelmetta*, 7 B.R. 461 (Bankr. D. Conn. 1980; *In re Lang*, 5 B.R. 371 (Bankr. S.D. N.Y. 1980)." *In re Bacher*, 47 B.R. 825, 829 (Bankr. E.D. Penn. 1985).

At trial, this Court ruled that since Boyle did not seek an order from this Court to bring such action in the stead of the Trustee and only the Trustee could avoid the transfer, the action proceeded on the issue of the denial of general discharge under § 727(a)(2)(A), without prejudice to any rights of the Trustee to seek to avoid the transfer and return the property to the estate.

■ In Mary Boyle's Complaint she prays for actual and punitive damages caused by the alleged fraudulent transfer. In her testimony, Ms. Boyle could not point to any specific damages other than extra stress caused by this trial. Punitive damages are rarely awarded under the Bankruptcy Code, although authority for such award does exist. 11 U.S.C. §§ 303(i); 362(h); 363(n); and 726(a). However, none of the Code's enumerated punitive award sections are applicable to this case. This Court finds that Mary Boyle's prayer for punitive damages is without merit both factually and legally and is therefore denied.

Therefore, the only issue before the Court concerns whether the Debtor should be denied a general discharge under § 727. The creditor asserts that Debtor should be denied a general discharge under § 727(a)(2)(A), because he fraudulently transferred the "Hanson" property within one year of the date of filing of the bankruptcy petition with the intent to deceive a creditor. The facts surrounding the transfer are not in serious dispute. Maxted, by virtue of his divorce decree, became the sole owner of 23.622 acres, herein referenced as the "Hansen" property. The property was being sold to the Hansens on a Contract for Deed, but they defaulted in the spring of 1986, and Maxted took the property back. In October of 1986, Maxted closed the Hansen escrow account, recorded the escrow deed which had the Debtor and his former wife as grantors to Hansons and then Debtor had the Hansens execute a deed to the property to Ben Sautter and Dottie Jette, which the Debtor recorded.

Mary Boyle asserts that the October transfers were initiated in an attempt to keep the property free from her judgment. She further asserts that the transfer to

Ben Sautter and Dottie Jette was for less than valuable consideration and, therefore, it was fraudulent. Evidence presented by all parties showed that the "Hansen" property was worth in excess of $100,000.00. Maxted testified that the only encumbrance on the "Hansen" property was a $10,000.00 debt at the State Bank of Townsend, so the property's minimum value is $90,000.00 to the Debtor. At trial, Maxted testified that he sold the land to Sautter and Jette for settlement of two debts for moneys loaned of $11,500.00 and $10,000.00, respectively, and the assumption of the State Bank's debt. No written documents or proof of such debts nor their cancellation were presented at trial. No evidence of the assumption of the Bank mortgage was presented at trial. All evidence as to the Sautter–Jette–Maxted debt was oral and I find it is not credible. Sautter did testify that he had expended labor fixing up the "Hansen" house, but produced absolutely no receipts or documentation to support such naked testimony. Even assuming the debts were owed to Sautter and Jette, Maxted sold property worth $90,000.00 for $21,500.00, less than one-third of its value. He testified that he did so, not to deceive the creditor Boyle, but because he wanted to terminate the legal interest of his ex-wife from the property in accordance with the divorce decree. In this regard, the divorce decree already had accomplished that result and if the ex-wife was recalcitrant in obeying the decree, Debtor clearly had legal means available to him (which he did in fact file and then dismiss) to accomplish such result. Further, Maxted testified that he valued his ownership in the "Hansen" property at $100,000.00 when he applied for a loan in October, 1987, with the Whitecap Mortgage Company in an unsuccessful effort to mortgage the property.

■ Before a debtor can be denied a general discharge under § 727(a)(2)(A), "fraudulent intent" must be shown. Fraudulent intent is addressed and defined in *Colliers* as:

"[3]—Fraudulent Intent.

Section 727(a)(2) provides that the act complained of must be done with intent to hinder, delay, or defraud a creditor, or an officer of the estate.

The interpretation of the elements of 'intent to hinder, delay or defraud' on the part of a debtor that evolved under Section 14c(4) of the former Act retains significance for Code cases. This intent must be an actual intent as distinguished from constructive intent. Although the language, drawn from the Uniform Fraudulent Conveyance Act, implies that the debtor must have intent to defraud a creditor or officer of the estate, a careful reading indicates that intent to hinder or delay, even if not fraudulent, may be sufficient for a denial of discharge.

Although actual intent must be shown, a finding of actual intent may be based on circumstantial evidence or on inferences drawn from a course of conduct. This is because a debtor is unlikely to testify that the intent was fraudulent. Thus a court may look to all the surrounding facts and circumstances. A continuing pattern of wrongful behavior is one indication of fraudulent intent. Similarly, reckless indifference to the truth has been held to be the equivalent of fraud under section 727. The fact that valuable property has been gratuitously transferred raised a presumption that such transfer was accompanied by the actual fraudulent intent necessary to bar a discharge under section 727(a)(2)." 4 *Colliers on Bankruptcy*, § 727.02[3] (15th Ed.1984).

In this case, I find actual intent has been shown to exist from all of the surrounding circumstances. Property transferred, within one year of the filing for bankruptcy, for less than fair consideration leads to a presumption that the property was transferred to hinder or delay creditors. *In re Adeeb*, 787 F.2d 1339, 1342–1343 (9th Cir.1986); *In re Devers*, 759 F.2d 751, 754 (9th Cir.1985); *In re Goldstein*, 66 B.R. 909, 917 (Bankr. W.D.Pa.1986); *In re Kearney*, 116 F.2d 899, 890 (2nd Cir.1940); *In re Total Acquisition Corp.*, 29 B.R. 836, 838 (Bankr.S.D. Fla.1983); *In re Smith*, 21 B.R. 345, 347 (Bankr.M.D.Fla.1982). The *Total Acquisition* court determined:

"When, as in this case, there has been a showing that a transfer was for less than a reasonably equivalent value and made at a time when the debtor is insolvent, there is a conclusive presumption of fraud. *Durrett v. Washington Nat's Insurance Co.,* 621 F.2d 201 (5th Cir.1980); *In re Hester,* 14 B.R. 647 (Bankr.D.Tenn. 1981); *In re Realsite, Inc.,* 256 F.Supp. 322 (S.D.Fla.1966)." *In re Total Acquisition Corp.,* at 840.

The *Goldstein* court outlined seven criteria which could be considered "badges of fraud", in relying on an earlier decision of *Matter of Brooks,* 58 B.R. 462 (Bankr.W.D. Pa.1986), where the court enumerated:

"1) an absence or negligible amount of consideration;

2) the value taken from the estate;

3) the time of transfer;

4) the relationship between the Debtor and the transferee;

5) the debtor's financial condition;

6) the concealment of the transaction; and

7) the existence of a threatened or pending collection lawsuit."
*Goldstein,* at 918.

 In the case *sub-judice,* I find the seven badges of fraud have been proven by credible evidence. Even if one accepts the Debtor's testimony on the debts owed Sautter and Jette, which I reject, Maxted transferred a $100,000.00 parcel of real property just two months prior to filing bankruptcy, for less than one-third of its value at a time when execution on the property was imminent. The transferred property at the time was subject to an execution sale by a judgment creditor and was transferred only three weeks after a judgment attached by state law to the Debtor/Defendant's assets. This Court concludes that the Debtor transferred the "Hansen" property within one year of the filing of the bankruptcy petition for inadequate consideration with the intent to deceive a creditor. As such, the Debtor/Defendant, Roy H. Maxted, Sr., is not entitled to a general discharge of his debts under § 727(a)(2)(A).

In view of the above holding, the Trustee, as the proper party in interest, must immediately commence proceedings to recover the "Hansen" property from Jette–Sautter in order to liquidate the property for the benefit of the general creditors of the estate. In the event the property has been transferred to Boyle or other party due to Sheriff's execution sale, those parties must also be joined as party defendants. Boyle's claim can then be adjusted or satisfied in this forum.

IT IS ORDERED:

1. That the Debtor/Defendant, Roy A. Maxted, Sr., is denied a general discharge under Section 727(a)(2)(A) of Title 11.

2. That the Plaintiff/Creditor, Mary Boyle, is denied all other relief sought in her complaint.