**In re William Thomas EVANS, Debtor.**

**Allan W. WINDMILLER, Plaintiff,**

**v.**

**William Thomas EVANS, Defendant.**

**Bankruptcy No. 88–5819–9P7.**
**Adv. No. 89–075.**

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

Oct. 6, 1989.

Daniel Medeiros, Clearwater, Fla., for plaintiff, Allan W. Windmiller.

Bill Berke, for defendant, William Thomas Evans.

FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS is a Chapter 7 case and the matter under consideration is a Complaint to determine dischargeability filed by Allen W. Windmiller (Plaintiff). The Plaintiff's six-count Complaint requests this Court to determine the dischargeability of a debt pursuant to § 523 of the Bankruptcy Code and seeks a denial of the Debtor's discharge

pursuant to § 727 of the Bankruptcy Code. The Plaintiff has elected not to present evidence in support of Counts I, IV, V and VI and, therefore, those counts should be dismissed with prejudice. The remaining counts seek denial of the Debtor's discharge pursuant to § 727(a)(4) and (5) of the Bankruptcy Code for knowingly and fraudulently making a false oath in connection with a bankruptcy case, and failure to explain satisfactorily loss of assets or deficiency of assets.

The facts relevant to a resolution of this controversy as established at the final evidentiary hearing are as follows:

The Debtor filed a Voluntary Petition for Relief in this Chapter 7 case on September 30, 1988. The Statement of Financial Affairs which was signed under penalty of perjury indicated that the Debtor resides in Fort Myers, Florida, and that during the six years immediately preceding the filing of the Petition, his only other residence was in Colorado. However, on direct examination at the final evidentiary hearing, the Debtor indicated that he had maintained a residence in Costa Rica as well during the relevant time period.

The Statement of Financial Affairs further indicates that the only partnership or business with another in which the Debtor had been involved during the six years immediately preceding the filing of his original Petition was the 24–hour Nautilus Swim and Fitness Center, Inc., a corporation which owned 25 health clubs. However, it appears that the Debtor also was involved in several partnerships, including the San Marcos Partnership, King's Plaza Partnership, Elizabeth Street Partnership, and Sunset Shopping Center Partnership during the six years immediately preceding the filing of the original Petition in bankruptcy. The Debtor further admitted that he had been the chairman of the Board of Directors, vice-president and stockholder of Pike's Peak Ski Corporation.

Based on the foregoing facts, it is the Plaintiff's contention that the Debtor is not entitled to a discharge pursuant to § 727(a)(4), having committed false oath in bankruptcy. Counsel for the Debtor argues that the Debtor disclosed his Costa Rica address at the § 341 meeting and, therefore, his failure to disclose the address on the Statement of Financial Affairs should be excused. The Debtor further states that the partnership interests were not listed on the Statement of Financial Affairs because there were not current debts sought to be discharged which were related to the several partnerships. In addition, counsel for the Debtor argues that in any event the partnership interests were listed on his tax returns which were furnished at the § 341 meeting to the Trustee.

Under § 727 of the Bankruptcy Code, the burden is on the objecting party to prove that the debtor should be denied his discharge by clear and convincing evidence. Bankruptcy Rule 4005; *In re Bernstein,* 78 B.R. 619 (Bankr.S.D.Fla.1987). Further, § 727 must be construed liberally in favor of the debtors and strictly against the creditor. *In re Greenwalt,* 48 B.R. 804 (Bankr. Colo.1985).

It is well established that the Debtor may not hide behind the "invisible cloak of disclosure" by alleging that, although the required information was not listed in the appropriate schedules, the assets were revealed to the Trustee at the § 341 meeting of creditors, therefore, the initial failure to fully furnish the information was harmless. This simply is not the test. Sound policy considerations mandate that the requirements to list all assets and liabilities is an absolute obligation of those seeking discharge of their debts through bankruptcy. Any other result would put the debtor in the position of determining which assets are worthy of disclosure and which are not. Creditors are entitled to judge for themselves what will be of benefit and what will prejudice them. The veracity of the debtor's statements is essential to the successful administration of the Bankruptcy Code. *In re Watkins,* 84 B.R. 246, 250 (Bankr.S.D.Fla.1988); *Diorio v. Kreisler-Borg Construction Co.,* 407 F.2d 1330 (2nd Cir.1969); *Chalik v. Moorefield (In re Chalik),* 748 F.2d 616 (11th Cir.1984).

As this Court held in *In re Cutignola,* 87 B.R. 702, 706 (Bankr.M.D.Fla.1988), the

debtors may be denied a discharge where they knowingly and fraudulently made a false oath in or in connection with the bankruptcy case pursuant to § 727(a)(4)(A). The purpose of this section is to provide the trustee and creditors with reliable information. *In re MacDonald,* 50 B.R. 255 (Bankr.Mass.1985). However, the discharge may not be denied where the untruth was a result of mistake or of inadvertence. Rather, the false statement must be made intentionally or in a manner evidencing a reckless and cavalier disregard for the truth with regard to a matter material to the case. *In re Ellingson,* 63 B.R. 271 (Bankr.N.D.Iowa 1986). It is clear that material admissions or untruthful answers to any of the questions by the Debtor on the Statement of Financial Affairs signed under penalty of perjury may constitute a false oath. *In re Bobroff,* 58 B.R. 950 (Bankr.E.D.Pa.1986), *aff'd,* 69 B.R. 295 (1987).

The Debtor in this case was a branch manager of the Burroughs Corporation for over twenty years and holds college degrees in physics and mathematics. He is fully conversant in the English language and undoubtedly understood the content of the questions to be answered in the Statement of Financial Affairs under oath. When the Debtor signed the Statement of Financial Affairs, he certified that all answers to the questions set forth in the Statement were true. This Court is satisfied that the Debtor's omission of his Costa Rica residence and his involvement in the several business ventures constituted false oaths, and with a reckless disregard for the truth concerning matters material to this case. Based on the foregoing, this Court is satisfied that due to the Debtor's false oaths made in this case, the Plaintiff is entitled to a judgment denying the Debtor his discharge pursuant to § 727(a)(4)(A) and (a)(5) of the Bankruptcy Code.

This leaves for consideration the claim based on § 727(a)(5) of the Bankruptcy Code. In order to sustain a claim under this Section the Plaintiffs must establish with the requisite degree of proof (1) that the Debtor had assets of substantial value

not too far removed in time from the date of filing the bankruptcy case (2) was no longer property of the Debtor at the time of filing the bankruptcy case, and (3) Debtor was called upon to explain its disposition and was unable to furnish a satisfactory explanation. Due to the failure by the Plaintiff to call upon the Debtor to explain the alleged loss of any such assets, the claim based on § 727(a)(5) should be dismissed.

A separate Final Judgment will be entered in accordance with the foregoing.