955 F.2d 49
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 In re Garner PETTIGREW and Laverne Pettigrew, Debtors.
MASSEY-FERGUSON, INC., a corporation, and Massey-Ferguson
Credit Corporation, a corporation, Plaintiffs-Appellees,
v.
Garner PETTIGREW and Laverne Pettigrew, Defendants-Appellants.
 No. 91-6245.
 United States Court of Appeals, Tenth Circuit.
 Feb. 13, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendants appeal the district court's order affirming the bankruptcy court's denial of discharge pursuant to 11 U.S.C. § 727(a)(2), granting of an exception from discharge pursuant to 11 U.S.C. § 523(a)(4), and granting of permission to amend the complaint. On appeal, Defendants argue that (1) Plaintiffs' original complaint did not state a cause of action and, thus, the amended complaint did not relate back to the original complaint; (2) the bankruptcy court erred in denying discharge pursuant to § 727(a)(2), because Defendants did not conceal property within one year of their petition and post-petition with intent to defraud a creditor; (3) the bankruptcy court erred when it held that Okla.Stat. tit. 21, § 1834.1 created the requisite fiduciary capacity under § 523(a)(4); and (4) the bankruptcy court erred in excepting discharge pursuant to § 523(a)(4) because the proceeds of the floor-planned equipment were not held in trust since Plaintiffs received guarantees of payment. We affirm.
 
 
 3
 After Defendants filed for bankruptcy relief, Plaintiffs filed an adversary proceeding objecting to discharge under § 523(a)(4) and § 727(a)(2). Subsequently, with the bankruptcy court's permission, Plaintiffs amended their complaint. After holding a three-day trial, the bankruptcy court denied discharge pursuant to § 727(a)(2) and granted Plaintiffs an exception to discharge pursuant to § 523(a)(4) if Defendants received a discharge. The district court affirmed the bankruptcy court.
 
 
 4
 We review the bankruptcy court's factual findings under a clearly erroneous standard. In re Coones, --- F.2d ----, Nos. 90-8113, 90-8114, slip op. at 2 (10th Cir. Jan. 3, 1992). We review the district court's and bankruptcy court's legal determinations de novo. Id.; In re Mullet, 817 F.2d 677, 679 (10th Cir.1987).
 
 I.
 
 5
 Defendants first argue that because the original complaint, which was filed within appropriate time limits, failed to state a cause of action, the amended complaint did not relate back to the original complaint. Accordingly, Defendants argue this action was barred by the statute of limitations and the bankruptcy court had no discretion to enlarge the time for this action.
 
 
 6
 Plaintiffs filed their original complaint within the time limits set by Bankruptcy Rules 4004(a) (§ 727) and 4007(c) (§ 523). Because the complaint alleged only the statutory language of § 523(a)(4) and § 727(a)(2), Defendants filed a motion for a more definite statement. Thereafter, Defendants filed a motion to dismiss alleging that Plaintiffs' claims were time barred. The bankruptcy court held a hearing on the motions at which Defendants withdrew the motion to dismiss, and Plaintiffs agreed to amend the complaint. The bankruptcy court entered an order, approved by the parties, indicating the motion to dismiss was withdrawn and Plaintiffs were to file an amended complaint, which they did.
 
 
 7
 Thereafter, Defendants filed a motion for summary judgment alleging that because the original complaint failed to state a cause of action, the amended complaint did not relate back and, thus, was time barred. The bankruptcy court denied the motion, finding that there was relation back because Defendants had notice of the general complaints objecting to discharge. The bankruptcy court determined that Defendants' withdrawal of their motion to dismiss was their indication that they had notice of the claims asserted. Also, the court stated that the facts alleged in the amended complaint expanded upon the original complaint and did not raise new grounds after the time deadlines.
 
 
 8
 We agree with the bankruptcy court's holdings. Rules 4004(a) and 4007(c) require that complaints under § 727(a)(2) and § 523(a)(4) be filed "not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a)." These filing requirements are strict and mandatory, see, e.g., In re Alton, 837 F.2d 457, 459 (11th Cir.1988) (per curiam); Neeley v. Murchison, 815 F.2d 345, 347 (5th Cir.1987); In re American Sports Innovations (ASI), 105 B.R. 614, 616 (Bankr.W.D.Wash.1989); In re Booth, 103 B.R. 800, 802 (Bankr.S.D.Miss.1989); contra In re Santos, 112 B.R. 1001, 1006, 1009 (Bankr. 9th Cir.1990), and were met when the original complaint was filed. The parties agree that the complaint may be amended only if the claims asserted in the amended complaint relate back to the date the original complaint was filed.
 
 
 9
 The grant or denial of leave to amend is within the discretion of the bankruptcy court. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971); LeaseAmerica Corp. v. Eckel, 710 F.2d 1470, 1473 (10th Cir.1983). Federal Rule of Civil Procedure 15, as made applicable by Bankruptcy Rule 7015, provides that leave to amend should be freely given when justice requires. LeaseAmerica Corp., 710 F.2d at 1473. Before granting leave to amend, the bankruptcy court must inquire whether there is undue delay by the movant, futility of amendment, and undue prejudice to the party opposing amendment. See Foman v. Davis, 371 U.S. 178, 182 (1962). In the absence of undue delay or prejudice, amendment may be permitted if the amendment claim arises out of the transaction or occurrence set forth in the original complaint. In re Barnes, 96 B.R. 833, 836 (Bankr.N.D.Ill.1989).
 
 
 10
 Defendants argue that since the original complaint contained only statutory language without stating facts of fraud or a fiduciary relationship it could not be amended. Defendants cite several cases indicating that the mere pleading of a statute is insufficient to provide anything for an amended complaint to relate back to. See, e.g., In re Metzeler, 66 B.R. 977, 983 (Bankr.S.D.N.Y.1986).
 
 
 11
 Although Plaintiffs concede their initial complaint was defective, they contend the complaint could be amended if the debtors had notice of the objections to discharge and dischargeability. See In re Wahl, 28 B.R. 688, 690 (Bankr.W.D.Ky.1983) (test of relation back is adequacy of notice given to defendant by original complaint of general wrong and conduct complained of); cf. In re Barnes, 96 B.R. at 838 (where some form of timely filing is made, creditors allowed to correct procedural errors after Rule 4007(c) deadline). In this case, Defendants did have notice. They moved for an order directing Plaintiffs to provide a more definite statement of the facts supporting their claims. This motion was filed outside of the Rule 4004 and 4007 time limits. Also, they voluntarily withdrew their motion to dismiss and conceded to the amendments. Defendants waived any possible objections to the filing of an amended complaint.
 
 
 12
 In addition, the facts alleged in the amended complaint did not raise additional or new grounds. The amended complaint averred acts stated in the original complaint, but in an amplified form which related back to the date of the original complaint. See In re Ludlum Enters., Inc., 493 F.2d 1345, 1347 (5th Cir.1974); see also In re Shebel, 54 B.R. 196, 197 (Bankr.D.Vt.1985) (creditor is permitted to file a more definite statement when it insufficiently alleges fraud under § 727(a)(2)); In re De Stefano, 54 B.R. 813, 814 (Bankr.D.N.J.1985) (when a § 523 complaint merely tracks the language of the statute, leave to amend should be granted). Because the initial filing was timely, and the amendment arises out of the same transaction or occurrence, see In re Barnes, 96 B.R. at 839, the bankruptcy court did not abuse its discretion in granting leave to amend.
 
 II.
 
 13
 Defendants argue that the bankruptcy court erred when it held that Plaintiffs proved that Defendants concealed property within one year of their petition and post-petition with the intent to defraud a creditor, and, therefore, Defendants' discharge should be denied pursuant to § 727(a)(2). Defendants argue that there was sufficient evidence presented at trial to establish that both Defendants should be granted a discharge.
 
 
 14
 Creditors have the burden of proving debtors are not entitled to a discharge. Farmers Co-op. Ass'n v. Strunk, 671 F.2d 391, 394-95 (10th Cir.1982). Creditors objecting to discharge must prove their case by a preponderance of the evidence. In re Serafini, 938 F.2d 1156, 1157 (10th Cir.1991). On review, this court gives great weight to the opportunity of the bankruptcy court to assess the credibility of the testifying parties and witnesses. Carini v. Matera, 592 F.2d 378, 381 (7th Cir.1979).
 
 
 15
 To affirm denial of discharge under § 727(a)(2), the evidence must show a transfer of the debtors' property by the debtors or at their direction within one year of the bankruptcy case and, contemporaneous with the transfer, that the debtors had an intent to hinder, delay, or defraud the creditors. In re Reitz, 69 B.R. 192, 197 (N.D.Ill.1986); In re Zell, 108 B.R. 615, 624 (Bankr.S.D.Ohio 1989). Discharge of debts under § 727(a)(2) may be denied only upon a finding of actual intent to hinder, delay, or defraud creditors. In re Zell, 108 B.R. at 624. Intent may be established by circumstantial evidence or inferences drawn from a course of conduct. In re Reed, 700 F.2d 986, 991 (5th Cir.1983); In re Zell, 108 B.R. at 624; In re Swift, 72 B.R. 563, 565 (Bankr.W.D.Okla.1987). Although intent may be proven by circumstantial evidence, In re Bobroff, 58 B.R. 950, 952 (Bankr.E.D.Pa.1986), aff'd, 69 B.R. 295 (E.D.Pa.1987), constructive intent is not a basis for denial of discharge, In re Bernard, 99 B.R. 563, 572 (Bankr.S.D.N.Y.1989); cf. In re Maxted, 107 B.R. 289, 291 (Bankr.D.Mont.1988) (property transferred within one year of filing for bankruptcy for less than fair consideration leads to a presumption that property was transferred to hinder or delay creditors); In re Lubin, 61 B.R. 511, 514 (Bankr.S.D.N.Y.1986) (presumption of intent to defraud arises when property is gratuitously transferred or transferred for inadequate consideration). Reckless indifference to the truth is sufficient to constitute requisite fraudulent intent to deny discharge under § 727. In re Maxted, 107 B.R. at 291; In re Ingle, 70 B.R. 979, 983 (Bankr.E.D.N.C.1987).
 
 
 16
 Defendants contend that Garner Pettigrew should not be denied discharge because he was physically and emotionally ill. The record showed that from 1975 Mr. Pettigrew suffered from Bangs disease or undulant fever, which could impair his mind. Accordingly, Defendants maintain that Mr. Pettigrew was unaware of day-to-day operations and, thus, could not have the specific intent to hinder or defraud Plaintiffs.
 
 
 17
 The record fails to show credible evidence that Mr. Pettigrew was sufficiently mentally impaired that he could not have formed the requisite intent to defraud Plaintiffs. In contrast, the record shows that Mr. Pettigrew bought and financed certain equipment and that he signed retail installment contracts and security agreements for that equipment.[1] The bankruptcy schedules, however, did not include the equipment described in the installment contracts that he admitted signing. Failure to include the owned equipment on the bankruptcy schedules evidences an intent to defraud creditors.
 
 
 18
 In addition, Defendants contend that no evidence was presented showing Laverne Pettigrew had actual or specific intent to conceal property. The evidence presented, however, showed that she signed account confirmations confirming ownership of the equipment, which was not listed on the bankruptcy schedules, and indicating on some of the confirmations that payments on the equipment had been made. An intent to defraud can be inferred from her course of conduct.
 
 
 19
 Plaintiffs proved by a preponderance of the evidence that Defendants should not receive a general discharge of indebtedness. The bankruptcy court did not err in denying discharge pursuant to § 727(a)(2).
 
 
 20
 Having concluded the bankruptcy court did not err in denying a general discharge, we need not discuss the remaining issues regarding the dischargeability of Plaintiffs' individual debt.
 
 
 21
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Plaintiffs sued Mr. Pettigrew in state court on the retail contracts and obtained a judgment against him, despite his denial in the state lawsuit that the sales ever took place