In re Clarence B. TESTER and Betty C. Tester, Debtors.

**AMERICAN HONDA FINANCE CORPORATION, Plaintiff,**

v.

**Clarence B. TESTER and Betty C. Tester, Defendants.**

Bankruptcy No. 7–85–0029–R.
Adv. No. 7–85–0074.
Misc. Docket No. 85–M–50–R.

United States District Court,
W.D. Virginia,
Roanoke Division.

Oct. 29, 1985.

Arthur Strickland, Roanoke, Va., for plaintiff.

Carl A. Tibbetts, Parvin & Wilson, Roanoke, Va., for defendants.

MEMORANDUM OPINION

KISER, District Judge.

This case is on interlocutory appeal from the Bankruptcy Court. At issue is whether a timely complaint objecting to discharge pursuant to 11 U.S.C. § 523(a)(4) may be amended to assert a claim under 11 U.S.C. § 523(a)(6) after the expiration of the deadline for filing such a complaint. The Bankruptcy Court denied the Plaintiff's motion

to amend. *In re Tester*, 53 B.R. 97 (Bankr. W.D.Va.1985). I reverse the Bankruptcy Court and find that the Bankruptcy Judge abused his discretion in not permitting the Plaintiff to amend his complaint.

*Facts*

The facts are not in dispute. The Defendant Debtors, Clarence and Betty Tester, filed their petition in the Bankruptcy Court seeking relief under Chapter 7 on December 31, 1984. A scheduled meeting of creditors pursuant to 11 U.S.C. § 341 was held on February 14, 1985. The Debtors were granted a discharge on April 17, 1985. Plaintiff, American Honda Finance Corporation, timely filed its complaint objecting to discharge on April 11, 1985. The complaint alleged generally that the Debtors' failure to account for funds received from the sale of inventory as required by a floor plan financing agreement amounted to "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny" within the meaning of 11 U.S.C. § 523(a)(4), and sought a nondischargeable judgment of Plaintiff's debt in the amount of $15,196.78.

On July 24, 1985, Plaintiff filed a motion to amend its complaint to assert an additional ground for nondischargeability under § 523(a)(6). Under § 523(a)(6), the Plaintiff hoped to allege that the failure of the Defendants to account for the inventory funds amounted to a "willful and malicious injury" to the Plaintiff. The Defendants objected to the proposed amendment as not being timely made. Upon hearing at a pretrial conference and submission of authorities by counsel, the motion to amend was denied.

*Discussion*

■ Rule 4004 of the *Federal Bankruptcy Rules* outlines the time limitations for filing objections to discharge in bankruptcy. In particular, Subsection (a) of Rule 4004 requires that a complaint objecting to discharge "be filed not later than sixty (60) days following the first date set for the meeting of creditors held pursuant to § 341(a)." It is clear from the facts that the Plaintiff's initial complaint was timely filed. The scheduled meeting of creditors was held on February 14, 1985. Sixty (60) days after February 14, 1985 is April 15, 1985. The Plaintiff timely filed his complaint on April 11, 1985. The only issue, therefore, is whether Plaintiff's motion to amend its complaint, dated July 24, 1985, should have been granted.

Bankruptcy Rule 7015 states that Rule 15 of the Federal Rules of Civil Procedure shall apply in adversary proceedings. Fed. R.Civ.P. 15(a) provides that "[a] party may amend his pleading once as a matter of course at any time before a responsive pleading is served ... otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party." A responsive pleading was filed and the Defendant did not consent to the amendment, therefore, leave of court is required. Rule 15(a) further provides that "leave [to amend] shall be freely given when justice so requires."

According to Wright and Miller, Rule 15(a) "reinforces one of the basic policies of the federal rules—that pleadings are not an end in themselves but are only a means to assist in the presentation of a case to enable it to be decided on the merits." 6 C. Wright and A. Miller, *Federal Practice & Procedure:* § 1473 at 376 (1971). The United States Supreme Court emphasized this policy in *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). In *Foman*, the Court stated that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Id.* at 182, 83 S.Ct. at 230. Moreover, the Court stated:

In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave

should, as the rules require, be 'freely given'.

*Id.*

None of the above reasons for denying leave to amend are present in this case. Although the Defendants allege in their brief in opposition to Plaintiff's motion to amend that granting Plaintiff's motion to amend will unduly delay the trial on the merits, the Court disagrees with the Defendants' assessment. Indeed, the Court believes that granting the Plaintiff's motion complies with the mandate of Rule 15 that amendments to pleadings be liberally granted. In addition, the Defendants have failed to allege that Plaintiff's motion to amend was done in bad faith or that granting it would result in undue prejudice to the Defendants. However, even if prejudice were alleged, the Court would have difficulty in recognizing how the Defendants would be prejudiced by Plaintiff's addition of a new legal theory based on the same set of facts.

 Having determined that leave of court to amend pursuant to Rule 15(a) would be granted, the Court must now consider whether the Plaintiff's proposed amendment "relates back" to the timely filed complaint for purposes of Fed.R. Civ.P. 15(c). Rule 15(c) provides that "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

According to Professor Moore, "Rule 15(c) is based on the concept that a party who is notified of litigation concerning a given transaction or occurrence has been given all the notice that statutes of limitation are intended to afford." 3 *Moore's Federal Practice* ¶ 15.15[3] at p. 15–194 (1985). Thus, "while it is still the rule that an amendment which states an entirely new claim for relief based on different facts will not relate back", *see, e.g., Griggs v. Farmer,* 430 F.2d 638 (4th Cir.1970) (complaint charging breach of promise could not be amended to add a claim for

assault on which the statute of limitations had expired), ". . . [t]he Federal Rules have broadened the meaning of the concept of 'cause of action', shifting the emphasis from a theory of law as to the cause of action, to the specified conduct of the defendant upon which the plaintiff relies to enforce his claim." 3 *Moore's Federal Practice* ¶ 15.15[3] at 15–196 to 198. Therefore, "an amendment which changes only the legal theory of the action, or adds another claim arising out of the same transaction or occurrence, will relate back." *Id.* at 15–198 to 205. *See, e.g., Grattan v. Burnett,* 710 F.2d 160 (4th Cir.1983), *aff'd,* 468 U.S. 42, 104 S.Ct. 2924, 82 L.Ed.2d 36 (1984) (claims of race and sex discrimination under 42 U.S.C. §§ 1981, 1983, and 1985 raised in an amended complaint relate back to Title VII claims of the original complaint); and *Clipper Express v. Rocky Mountain Motor Tariff Bureau, Inc.,* 674 F.2d 1252 (9th Cir.1982), *cert. denied,* 459 U.S. 1227, 103 S.Ct. 1234, 75 L.Ed.2d 468 (1983) (in an antitrust action, a fraud claim, which was set forth in an amended complaint and arose out of the same transaction or occurrence as the original claim, related back to the filing of the first complaint and was not time-barred). In light of these principles, the Court believes that the Plaintiff's proposed amendment should relate back to the time of the filing of the original complaint.

The Clerk is directed to send certified copies of this Memorandum Opinion to all counsel of record.