RUFENACHT, BROMAGEN, AND HERTZ, INC., Appellant,

v.

Craig Loray RUSSELL, Defendant and Third-Party Plaintiff,

Ed Palmer, Third-Party Defendant.

No. 85–1908.

United States District Court, D. Kansas.

Jan. 16, 1987.

John H. Lungren, Turner & Boisseau, Wichita, Kan., for appellant.

W. Thomas Gilman, Wichita, Kan., for defendant.

Lynn D. Allison, Wichita, Kan., trustee.

## MEMORANDUM AND ORDER

CROW, District Judge.

This case is before the court on appeal from two orders of the bankruptcy court:

one on May 24, 1985 which denied plaintiff's motion to amend its complaint; and one on September 19, 1985 which granted the debtor's motion for judgment on the pleadings.

Plaintiff's complaint, or objection to discharge, was made "pursuant to 11 U.S.C. § 727(a)(4)," and alleged that the debtor knowingly executed three no fund checks with intent to defraud plaintiff. The debtor subsequently moved for judgment on the pleadings because plaintiff had failed to allege and would be unable to prove that the debtor's wrongful acts occurred "in or in connection with the case," as was clearly required in actions under § 727(a)(4). The plaintiff responded by moving to amend its complaint to reflect 11 U.S.C. § 523(a)(2)(A) as the "correct statutory authority for its objection to discharge."

Judge Morton's order denying that motion to amend states:

> ... the Court determines the requested amendment would, in effect, constitute the commencement of a new and different cause of action. The elements of proof and the statutory grounds in an action to determine a particular debt nondischargeable are substantively distinct from those in an action for a total denial of a discharge. If allowed to be so commenced at this time, such new cause of action would be out of time.

Thereafter, the bankruptcy court concluded that plaintiff's complaint failed to state a cause of action under 11 U.S.C. § 727(a)(4), and granted judgment on the pleadings. The plaintiff has timely appealed from those orders.

■ The grant or denial of leave to amend is within the discretion of the trial court. *See Zenith Radio Corp. v. Hazeltine Research*, 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971), *reh'g denied*, 401 U.S. 1015, 91 S.Ct. 1247, 28 L.Ed.2d 552. Rule 15 of the Federal Rules of Civil Procedure, made applicable to bankruptcy proceedings by Bankruptcy Rule 7015, provides that leave to amend a complaint shall be freely given when justice so requires. However, the grant of leave to amend is not automatic. The court must inquire into undue delay by the movant and undue prejudice to the party opposing the amendment. Fed.R.Civ.P. 15(a); *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). After giving both matters due consideration, the court affirms the bankruptcy court's decision to deny leave to amend.

■ The facts forming the basis for the claim plaintiff wishes to assert in its amended complaint were known to plaintiff long before plaintiff moved to amend its complaint. Although those underlying facts were also known to the debtor, the entire defense of the case was premised upon a claim under § 727 and not in any manner upon a claim under § 523. Plaintiff's delay in requesting an amendment to the complaint which completely abandons plaintiff's initial cause of action in favor of another is clearly prejudicial to the debtor, who is effectively deprived of a defense.

Actions under § 727 (complete revocation of discharge) are different from actions under § 523 (exceptions from discharge) "not only in the basis of the claim and its allegations but in the type, measure and burden of proof." *In re Channel*, 29 B.R. 316, 318 (Bkrtcy W.D.Ky.1983). *See Sweet v. Ritter*, 263 F.Supp. 540, 543 (W.D.Va. 1967).

*In re Fehrle*, 34 B.R. 974 (Bkrtcy W.D. Ky.1983) examined the issue whether a complaint which stated a cause of action under 11 U.S.C. § 727 could be untimely amended to allow a claim to be asserted pursuant to § 523. In reaching the decision to deny leave to amend, the bankruptcy court stated:

> The recitation of a specific cause of action, and the selection of a particularized section of the Bankruptcy Code under which to proceed, both profoundly affect the nature of the resulting defense. To construct a complaint invoking a general denial of discharge inspires an altogether different form of defense form that which would be forthcoming in the case of a complaint seeking to have a particu-

lar debt excepted from discharge. The whole theory of the defense and the elements of its rebuttal proof are radically distinguishable in the two types of cases. 34 B.R. 975. Similar results have been reached in *In re Hargis,* 44 B.R. 225 (Bkrtcy W.D.Ky.1984), *In re Channel, supra, In re Wahl,* 28 B.R. 688 (Bkrtcy W.D. Ky.1983), and *In re McClellan,* 60 B.R. 719 (Bkrtcy E.D.Va.1986).

The time limitations imposed by the Rules of Bankruptcy Procedure for the filing of actions under § 727 or § 523 serve the interest of the creditor in prompt attention to their claims and the interest of the debtor in obtaining a final disposition within a reasonable time. *In re Fehrle,* 34 B.R. at 975. The bankruptcy court, in the present case, acted within its discretion in denying leave to amend. In the absence of the proposed amendment, judgment on the pleadings was appropriate because of plaintiff's failure to satisfy the "in or in connection with" element of § 727.

IT IS THEREFORE ORDERED that the bankruptcy court's denial of plaintiff's leave to amend and its grant to the debtor of judgment on the pleadings is affirmed.