In re Thomas Herman
VENNON, Debtor.

Burt D. MISKIMEN Domoney
Corporation, Plaintiffs,

v.

Thomas H. VENNON R.L.T. Co.,
Inc., Defendants.

Bankruptcy No. 2-86-02499.
Adv. No. 2-86-0227.

United States Bankruptcy Court,
S.D. Ohio, E.D.

June 15, 1987.

Duncan D. Aukland, Columbus, Ohio, for plaintiffs.

Gary W. Deeds, Columbus, Ohio, for debtor/defendants.

## ORDER OVERRULING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court upon a motion filed by plaintiffs Burt D. Miskimen and the Domoney Corporation, seeking leave to amend their previously filed complaint. That motion was opposed by defendant Thomas H. Vennon. For reasons stated below, the Court finds that plaintiffs' motion should be overruled.

The Court has jurisdiction over this adversary action which arose under Title 11 of the United States Code pursuant to 28 U.S.C. § 1334 and the General Order of Reference entered in this district. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

Rule 15 of the Federal Rules of Civil Procedure governs the amendment of pleadings. Specifically, Rule 15(c) provides for relation back of an amendment if the "claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." In this adversary, without such relation back, plaintiffs' amendments would be time-barred since the time to assert an exception to dischargeability had previously elapsed and could no longer be extended by the Court. Bankruptcy Rules 4007(c) and 9006(b)(3).

Plaintiffs' original complaint seeks to except from the operation of Vennon's discharge obligations arising from fourteen (14) promissory notes in principal amounts totalling $48,181.97. No reference is made in that complaint, however, to obligations arising from three (3) notes of different dates totalling $4,640.00 and certain guaranty obligations in the total amount of $9,768.96.

Although paragraphs 5 and 10 of the original complaint refer to the endorsement of liens by plaintiffs against certain trailers and allege temporary embezzlement or conversion of the use of the trailers, no obligations associated with the purchase of these trailers are referenced in any manner. To permit plaintiffs now to amend a complaint by adding previously time-barred causes of action would be an impermissible circumvention of Bankruptcy Rule 4007(c). See *In re Lemmerman*, Bankr.L.Rptr. ¶ 62,905 (CCH) (Bankr.D.Ct.1968).

Based upon the foregoing, plaintiffs' motion seeking leave to amend their complaint shall be, and the same is, hereby, OVERRULED.

IT IS SO ORDERED.