**In re Daniel L. BARNES, Debtor.**

**RE/MAX PROPERTIES, INC., an Illinois corporation, Plaintiff,**

v.

**Daniel L. BARNES, Defendant.**

**Bankruptcy No. 88 B 9224.
Adv. No. 88 A 624.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

Feb. 10, 1989.

Daniel J. Kallen, Joliet, Ill., for defendant.

Alan B. Castator, Oakbrook Terrace, Ill., for plaintiff.

## MEMORANDUM OPINION AND ORDER ON DEFENDANT'S MOTION TO DISMISS

JACK B. SCHMETTERER, Bankruptcy Judge.

This matter is before the Court on motion of the Debtor–Defendant, Daniel L. Barnes ("Debtor") to dismiss the Amended Complaint of Re/Max Properties, Inc. ("Re/Max"). The Amended Complaint seeks a determination of nondischargeability of a debt under § 523(a)(2)(A) of the Bankruptcy Code, Title 11 U.S.C. (Hereafter, unless stated otherwise, all section references are to the Bankruptcy Code.) For reasons set forth below, Debtor's motion to dismiss is denied, and Defendant must answer the Amended Complaint.

## FACTUAL BACKGROUND AND ISSUES PRESENTED

Debtor filed a voluntary petition for relief under Chapter 7 on June 15, 1988. The schedules accompanying the petition list as an unsecured creditor Jack Lidbettor of Re/Max Properties, Inc., LaGrange, Illinois. The Debtor's statement of financial affairs also indicates that, at the time of the petition, Debtor was a party to Case No. 86 L 862, captioned Lidbettor vs. Barnes, in the Circuit Court of Will County, Illinois.

On June 23, 1988, the Clerk of this Court issued a combined notice to creditors which fixed the time for filing complaints to dischargeability of certain debts. The motion fixed September 16, 1988 as the last day for the filing of a complaint to determine the dischargeability of any debt pursuant § 523(c).[1]

1. Section 523 provides that:
[e]xcept as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request to the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2),

(4), or (6), as the case may be, of subsection (a) of this section.
The section requires creditors to take affirmative steps should they seek to except from discharge any debts of a type defined in subsection (2), (4) and (6) of § 523(a). *Waszkiewicz v. Tuzzolino (in re Tuzzolino)*, 71 B.R. 231, 232 (Bankr.N.D.N.Y.1986).

Lidbettor was sent a copy of this notice at the Re/Max LaGrange address, and there is no allegation that he did not receive that notice.

On August 19, 1988 Re/Max filed with this Court a two-count Complaint alleging fraud and a statutory violation of Illinois fraud and deceptive practices law. Both Counts are based on the same set of facts, an alleged loan of $5,000 made by Re/Max to Debtor on or about January 31, 1986. The Complaint alleged that Debtor's false representations induced Re/Max to make the loan, and that the loan has not been repaid. By way of relief, that Re/Max Complaint sought the alleged repayment amount of $7,000, as well as interest and punitive damages.

On October 27, 1988, Debtor moved to dismiss the Complaint, as the Complaint sought no relief specified to be under the Bankruptcy Code. The motion was allowed, but Re/Max was given leave to file an amended pleading.

On November 8, 1988, Re/Max filed an Amended Complaint based on the same factual allegations as in its original Complaint. The prayer for relief differs, however, in that Re/Max now seeks a determination that its debt is nondischargeable under § 523(a)(2)(A), as a debt for money obtained through alleged fraud. Re/Max also seeks an order allowing it to prosecute its claim against Debtor in state court.

On December 21, 1988, Debtor moved to dismiss the Amended Complaint. His motion contends that the Amended Complaint is not a timely objection to dischargeability since it was filed later than the deadline for objections to dischargeability under Bankruptcy Rule 4007(c)[2] (hereafter "Rule 4007(c)").

Rule 4007(c) provides that:

[a] complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held

pursuant to § 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.

The time period in Rule 4007(c) is strictly enforced. *See Federal Deposit Insurance Corp. v. Kirsch (In re Kirsch)*, 65 B.R. 297, 302 (Bankr.N.D.Ill.1986). When the time period for filing objections to dischargeability has lapsed, and the creditor has not filed a timely objection or timely moved to extend the time for objection, a bankruptcy court has no power to determine the dischargeability of the debt in question. *Id.*

The Amended Complaint in this case was filed almost two months after the September 16, 1988 expiration of time under Rule 4007(c). Clearly the objection to discharge is untimely unless the Amended Complaint relates back to the original Complaint and the time of its filing. Federal Rule of Civil Procedure 15(c) [hereafter Fed.R.Civ.P. 15(c) ] (*see* discussion *infra*).

Re/Max contends that the doctrine of relation back applies because its Amended Complaint adds no new facts to the original complaint. According to Re/Max, the Amended Complaint simply states with greater precision the desired theory of relief. Under such analysis, the amendment is permissible as a correction to a defect in its original pleading.

Debtor, on the other hand, maintains that there is a change in the theory of relief, which change precludes application of the relation back doctrine. In support of this proposition, Debtor notes that the original complaint stated a cause of action under state law, while the objection to dischargeability in the Amended Complaint is a bankruptcy core proceeding. Despite the common factual elements in the two complaints, Debtor contends that there is insuf-

---

**2.** The motion to dismiss actually alleges that the objection is untimely under Bankruptcy Rule 4004(a), dealing with objections to discharge under § 727(a). Although the reference to that rule is incorrect, the time period under Bankruptcy Rules 4004(a) and 4007(c) is the same. The Court will therefore overlook this error in pleading.

ficient identity between the two causes of action to justify relation back of the amended prayer for relief. Viewing the Rule 4007 deadline as absolute, Debtor maintains that this amendment should have been made before the expiration of the period for objecting to dischargeability. Also, Debtor argues that the bankruptcy fresh start would be frustrated if litigation were to proceed on the objection to dischargeability. In view of all these factors, Debtor takes the position that the Court should dismiss the Amended Complaint.

Each party therefore relies on a different procedural rule. Debtor would have the Court find that Rule 4007(c) bars the Amended Complaint, while Re/Max argues that the amendment is permissible under Fed.R.Civ.P. 15(c). Resolution of the motion requires consideration of authorities as to those two rules. That discussion follows.

### DISCUSSION

(1) *Relation Back of Amended Pleadings Under Federal Rules of Civil Procedures 15(c).*

Fed.R.Civ.P. 15(c) provides, in relevant part, that:

[w]henever the claim or defense asserted in the amended pleadings arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

Bankruptcy Rule 7015 provides that Rule 15 applies to adversary proceedings such as the instant case.

As noted in the authority cited by Re/Max, in order that litigation be disposed of on the merits, amendments under Rule 15(c) should generally be freely allowed. *Staren v. American National Bank and Trust Co. of Chicago*, 529 F.2d 1257, 1263 (7th Cir.1976). The rule is based on the idea that a party sufficiently notified of litigation concerning a transaction should not be entitled to more protection from statutes of limitations than parties who received more precise legal descriptions of the claims asserted in that litigation. *Williams v. United States*, 405 F.2d 234, 236 (5th Cir.1968). There is every reason to apply that principle to the time limits under Rule 4007(c). That 60–day period following the first date set for the first meeting of creditors is not phrased as a statute of limitations, but precisely serves the function of such a statute. As such, that 60–day period is one of the shortest and most draconian statutes of limitations in the Free World.

Amendment has been allowed under the relation back doctrine to assert an alternative ground for recovery that was omitted from the original pleadings in a case. *E.g., Kuba v. Ristow Trucking Co., Inc.*, 811 F.2d 1053, 1055 (7th Cir.1987); *Aluminum Company of American, Inc. v. Admiral Merchants Motor Freight, Inc.*, 337 F.Supp. 674, 684 (N.D.Ill.1972); and also to correct jurisdictional defects in an earlier pleading. *See, e.g., Textor v. Board of Regents of Northern Illinois University*, 711 F.2d 1387, 1393 (7th Cir.1983).

Leave to amend is not automatic. *Rufenacht, Bromagen and Hertz, Inc. v. Russell*, 69 B.R. 394, 395 (D.Kan.1987). It is impermissible to allow such an amendment in abusive situations "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Absent such factors, however, amendments should turn on "whether the amended complaint arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading." *Staren v. American National Bank & Trust Co. of Chicago*, 529 F.2d at 1263; *see also Wadsworth v. United States Postal Service*, 511 F.2d 64, 66 (7th Cir. 1975).

Notice to the opponent is clearly the critical element in the Rule 15(c) determination. *Staren v. American National Bank & Trust Co. of Chicago*, 529 F.2d at 1263. Where the general fact situation set

forth in the original pleading does not suggest the new theory of relief sought to be incorporated by later amendment, amendment should not be allowed. *See Rosenberg v. Martin,* 478 F.2d 520, 526 (2d Cir. 1973). If, in support of a new theory of relief, the amendment incorporates facts not alleged in the original complaint, the amendment may state a new cause of action.[3] *See, e.g., Williams v. United States,* 405 F.2d at 237. Such an amendment may not relate back, because to do so would defeat the purpose of the statute of limitations. *Id.*

Amendment may also be impermissible if it should substantially alter the theory of defense at an advanced stage in the litigation. *E.g., Continental Illinois National Bank & Trust Co. of Chicago v. Tacoma Boatbuilding Co. (In re Tacoma Boatbuilding Co.),* 81 B.R. 248, 260 (Bankr.S.D. N.Y.1987). In such circumstances an amendment may effectively deprive the opponent of a defense. *Rufenacht, Bromagen, and Hertz, Inc. v. Russell,* 69 B.R. at 395.

■ The basic test of relation back is whether the evidence with respect to the second set of allegations could have been introduced under the original complaint, liberally construed. *Gelling v. Dean (In re Dean),* 11 B.R. 542, 545 (9th Cir.B.A.P. 1981).

[4] To summarize, absent abuse of or prejudice to the opponent, amendments that merely change the legal theory of relief in a complaint are generally allowed. In order that the amendment relate back to the time of the original complaint, the facts alleged in the original complaint should give rise to the theory of relief asserted in the Amended Complaint. If, instead, the amendment asserts a new cause of action

not supported by the original allegations, it may not relate back to the time when the original complaint was filed.

The following discussion considers whether the rule of relation back applies after the time for objecting to dischargeability has expired under Bankruptcy Rule 4007(c).

### (2) *Deadline for Filing Objections to Dischargeability of Debts under Rule 4007(c).*

The time limit in Bankruptcy Rule 4007(c) serves a special purpose in bankruptcy administration. *E.g., In re Klein,* 64 B.R. 372, 375 (Bankr.E.D.N.Y.1986). Because nondischargeable debts must be paid out of post-discharge assets, the late filing of an objection to dischargeability may be prejudicial to the fresh start of a debtor who has not anticipated objections to discharge. *See, e.g., Suburban Bank of Cary–Grove v. Riggsby (In re Riggsby),* 66 B.R. 329, 332 (N.D.Ill.1986). The deadline under Rule 4007(c) protects debtors from post-discharge harassment by creditors claiming their debts are nondischargeable on grounds of fraud and the like. *Manufacturers Hanover Trust v. Shelton (In re Shelton),* 58 B.R. 746, 750 (Bankr.N.D.Ill. 1986). Accordingly, where creditors who have missed the deadline seek untimely extension under Bankruptcy Rule 9006(b)(3) of their time to object to discharge,[4] the deadline has been described as "set in stone." *Id.* at 749. *See also Federal Deposit Insurance Corp. v. Kirsch (In re Kirsch),* 65 B.R. at 300.

■ Despite the harsh results of this rule, it is clear that courts have no discretion to extend the time for objection. *Byrd v. Alton (In re Alton),* 837 F.2d 457, 459 (11th Cir.1988); *Jones v. Hill (In re Hill),*

---

3. The Federal Rules have broadened the meaning of the concept of "cause of action," shifting the emphasis from a theory of law as to the cause of action, to the specified conduct of the defendant upon which the plaintiff relies to enforce his claim ... An amendment which changes only the legal theory of the action, or adds another claim arising out of the same transaction or occurrence, will relate back. *Aluminum Company of America v. Admiral Merchants Motor Freight, Inc.,* 337 F.Supp. 674, 684

(N.D.Ill.1972) (quoting 3 J. Moore, W. Taggart & J. Wicker, *Moore's Federal Practice* ¶ 15.15[3] (2d ed. 1981)).

4. Rule 9006(b)(3) provides that "[t]he court may enlarge the time for taking action under Rules 1006(b)(2), 3002(c), 4003(b), 4004(a), 4007(c), 8002, and 9033, only to the extent and under the conditions stated in those rules."

811 F.2d 484, 486 (9th Cir.1987) [excusable neglect is not a basis for extending time for objection under 4007(c) ]. Rigid adherence to the deadline is justified on the basis that Rules 4007(c) and 9006(b)(3) "reflect a considered determination that a final cut-off date insuring that debtors will be free after a date certain, outweighs individual hardship to creditors ..." *In re Klein,* 64 B.R. at 375.

Thus, numerous cases refuse to allow late filing of an objection, despite attorney error and/or harsh results. *E.g., Neeley v. Marchison,* 815 F.2d 345 (5th Cir.1987) (defective notice from clerk's office doesn't excuse untimely filing); *Eubank v. Strickland (In re Strickland),* 50 B.R. 16, 17 (Bankr.M.D.Ala.1985) (complaint mailed before bar date but received and filed by clerk one day late dismissed); *similarly Menke v. Petersen (In re Petersen),* 15 B.R. 598, 601 (Bankr.N.D.Iowa 1981).

■ On the other hand, procedural errors in filing the complaint do not result in dismissal of the complaint, provided the objection was received by the court before the Rule 4007(c) deadline. *See, e.g., Casper v. Frederick,* 73 B.R. 636 (Bankr.N.D. Fla.1986); *Ecker v. Replogle (In re Replogle),* 70 B.R. 444 (Bankr.D.Mont.1987); *In re Spearman,* 68 B.R. 25 (Bankr.E.D.N.Y. 1987); *Williston Cooperative Credit Union v. Horob (In re Horob),* 54 B.R. 693 (Bankr.D.N.D.1985). This is so even though process was not served by that deadline. *See, e.g., In re Spearman,* 68 B.R. at 26. In short, where some form of timely filing was made, creditors have been allowed to correct procedural errors after the Rule 4007(c) cut-off date.

Where a creditor seeks to amend its objection to discharge after the deadline, results vary. The question arises most frequently in cases where a complaint objecting to dischargeability under § 523(a) has been mislabelled as an objection to discharge under § 727(a), or vice-versa.

Amendment is denied where the desired shift in the theory of relief is actually a new cause of action. *E.g., Austin Farm Center, Inc. v. Harrison (In re Harrison),* 71 B.R. 457, 459 (D.Minn.1987); *Rufe-nacht, Bromagen, and Hertz, Inc. v. Russell,* 69 B.R. 394, 396 (D.Kan.1987); *Simpson County Bank, Inc. v. Fehrle (In re Fehrle),* 34 B.R. 974, 975 (Bankr.W.D. Ky.1983); *Channel v. Channel (In re Channel),* 29 B.R. 316, 318 (W.D.Ky.1983). Denial of amendment is predicated on the substantial differences under § 523(a) and § 727(a). *See In re Harrison,* 71 B.R. at 459 (citing substantial differences in necessary factual basis of claims, allegations which must be pleaded, the type, measure, and burdens of proof involved, and the ultimate effect of a judgment in plaintiff's favor).

■ Similarly, new causes of action may not be added by amendment after the deadline in Rule 4007(c). *E.g., Citizens Fidelity Bank & Trust Co. v. Wahl (In re Wahl),* 28 B.R. 688, 689 (Bankr.W.D.Ky.1983); *Miskimen v. Vennon R.L.T. Co., Inc. (In re Vennon),* 79 B.R. 296, 297 (Bankr.S.D.Ohio 1987). Lack of specificity in the initial pleading may also preclude amendment if the amended pleading is not substantially similar to original timely objection to discharge. *See Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Tatum (In re Tatum),* 60 B.R. 335, 337 (Bankr.D.Colo.1986).

In contrast, amendment has been allowed where the original complaint under § 727(a) actually supported an objection under § 523(a). *Framingham UAW Credit Union v. Kelley (In re Kelley),* 46 B.R. 63, 66 (Bankr.E.D.Va.1985); *In re Whitfield,* 41 B.R. 734, 736 (Bankr.W.D.Ark.1984) (vice-versa).

Also, amendment to add additional grounds under § 523(a) or § 727(a) has been permitted where the allegations of the initial complaint were sufficient to put the debtor on notice of the charges incorporated by the amendment. *E.g., American Honda Finance Corp. v. Tester (In re Tester),* 56 B.R. 208, 210 (W.D.Va.1985); *Sipco Oil (US), Inc. v. Dunn (In re Dunn),* 49 B.R. 547, 550 (Bankr.W.D.N.Y. 1985); *Comprehensive Accounting Corp. v. Morgan (In re Morgan),* 41 B.R. 259, 262 (Bankr.D.Tenn.1984).

Finally, amendment has been allowed to plead with more specificity the cause of

action asserted in the initial complaint. *163rd Street & Jamaica Avenue Management Co., Ltd. v. Hussain (In re Hussain),* 54 B.R. 755, 757 (Bankr.E.D.N.Y.1985); *Melohn v. Klein (In re Klein),* 31 B.R. 947, 951 (Bankr.E.D.N.Y.1983).

■ A common denominator in these decisions allowing amendment is the fact that the original timely objection put the debtor on notice of the basic factual situation underlying the creditor's objection to dischargeability. In effect, those cases applied the usual principles of relation back of amendments under Rule 15(c). Such authorities, as well as those dealing with procedural errors attendant to an otherwise timely filing, indicate that the deadline under Rule 4007(c) should not preclude amendment to the original complaint if the initial filing was timely and the amendment arises out of the same transaction or occurrence. Indeed, the application of Rule 15 to adversary cases through Bankruptcy Rule 7015 suggests that very conclusion.

### Application to this Case

■ The Debtor in this case makes no assertion that it has been prejudiced by Re/Max's Amended Complaint.[5] It is indeed difficult to perceive any prejudice to the Debtor if the Amended Complaint is allowed to proceed.

The alleged indebtedness of $7,000 represents only a small portion of total scheduled debts of $248,309.00. Given the facts that this case was filed only eight months ago and there has been no order of discharge, the Debtor would be hard pressed to say that he has relied to his detriment on the dischargeability of this particular debt. Consequently, the allowance of this objection is not prejudicial in the Rule 4007(c)

sense of frustrating the fresh start of a debtor whose debts have already been found dischargeable.

Even if the discharge in this case had issued, however, the Adversary Complaint in this action was unquestionably filed timely. Moreover, the Amended Complaint relies precisely on the same facts and matters originally pleaded. Given the fact that timely filing was made, to allow revision of the prayer for relief would be in accordance with the line of cases that have allowed correction of errors after the deadline in Bankruptcy Rule 4007(c).

Debtor's objection is perhaps more of an objection under Fed.R.Civ.P. 15(c). Although the fact situation giving rise to Re/Max's original and Amended Complaints is identical, the original Complaint as pleaded amounted to a claim against the estate,[6] not a prayer to have the asserted debt found not dischargeable.[7] This raises the question of whether the Amended Complaint so substantially altered the theory of relief that amendment is impermissible under Fed.R.Civ.P. 15(c).

As previously discussed, the necessary precondition to relation back under Fed.R.Civ.P. 15(c) is that both the original and Amended Complaint arise out of the same factual occurrence. This is clearly the case here, because the same acts of alleged fraud were the basis for both complaints. Thus, the same evidence supports the original state law cause of action and claim against Debtor, and also supports the pending objection to dischargeability.

Debtor has cited one case in which an amendment seeking to bar dischargeability under 11 U.S.C. § 727(a) was denied, once the deadline for such objection had passed. *Coccia v. Fischer (In re Fischer),* 4 B.R.

---

5. Debtor complains that "[i]f relief is granted ... the Debtor would be back in state court litigating the same issues. This procedure would frustrate the strong 'fresh start' policy of the Bankruptcy Code." (Debtor's Response at 2). The Court interprets this statement as a reference to the fact that, assuming a finding of nondischargeability, this claim might have to be liquidated in state court.

This possibility is, however, a consequence of the operation of bankruptcy law. Although a

perhaps disagreeable prospect for the Debtor, it is not prejudice within the meaning of Rule 4007(c) or Fed.R.Civ.P. 15(c).

6. The Bankruptcy Court has core jurisdiction of all claims against the estate. 28 U.S.C. § 157(a)(2)(B).

7. Core jurisdiction over proceedings to bar dischargeability of debts lies under 28 U.S.C. § 157(a)(2)(I).

517 (Bankr.S.D.Fla.1980). The cited opinion discussed the merits of the objection. The decision concluded that the objection itself was without merit. It cited no case authority for the ruling not to allow amendment. The case is distinguishable since it turned on the lack of merit of the objection to discharge, and otherwise is not persuasive.

The Debtor in this case should reasonably have inferred from the original Complaint that Re/Max intended to pursue or would pursue its objection to dischargeability of the asserted debt. Notice to creditors stated that the Debtor's bankruptcy estate has no assets, and that creditors need not file proofs of claim in order to share in a non-existent bankruptcy distribution. Thus it would be disingenuous to contend that the original adversary Complaint in the nature of a claim against a no-asset estate was not notice of intent to go beyond the original prayer for relief. The initiation of the original adversary complaint certainly gave notice of a possible further request for some relief other than a non-existent dividend in a no-asset case. Finally, the averments in the original complaint clearly alleged that money was obtained by means of false representations and the instant Amended Complaint rests squarely on the same allegations. Under authority cited above, Rule 15(c) requires in these circumstances that the Amended Complaint be found to relate back to the date of original filing. Consequently, the objection under Bankr.Rule 4007(c) is without merit.

Debtor's motion to dismiss the Amended Complaint of Re/Max Properties, Inc. will be denied by separate order this date, and Defendant will be required to answer.