**In re David ANDERSON IV, Debtor.**

**Teresa Murano Anderson, Plaintiff,**

**v.**

**David Anderson IV, Defendant.**

**Bankruptcy No. 02–23651.
Adversary No. 02–2278.**

United States Bankruptcy Court,
W.D. New York.

April 9, 2003.

Douglas J. Lustig, Chamberlain, D'Amanda, et al., Rochester, NY, for Debtor.

Peter Scribner, Rochester, NY, trustee.

## DECISION & ORDER

JOHN C. NINFO, II, Chief Judge.

### BACKGROUND

On September 17, 2002, David Anderson IV (the "Debtor") filed a petition initiating a Chapter 7 case. On the Schedules and Statements required to be filed by Section 521 and Rule 1007, the Debtor: (1) indicated that he was a business appraiser for AIF Management Co., Inc., and that he was a shareholder, officer and director of the company; (2) he had a total combined monthly income of $2,768.00 and total monthly expenses of $5,451.00; and (3) Teresa Murano Anderson ("Anderson") was the holder of a disputed claim as a result of a ... "judgment for distribution

award ($89,500.00), and alimony/maintenance ($20,000.00)."

On December 19, 2002, Anderson commenced an Adversary Proceeding (the "Anderson Adversary Proceeding") against the Debtor to determine the dischargeability of a debt pursuant to Sections 523(a)(5) and (a)(15). The Original Complaint in the Adversary Proceeding indicated that: (1) Anderson had "two (2) awards of maintenance and support by decisions and orders of the Supreme Court, Monroe County, that are nondischargeable pursuant to sections 523(a)(5) and (a)(15)"; (2) a June 30, 2000 Order, a copy of which was attached to the Original Complaint, required the Debtor to pay Anderson, as maintenance, $150.00 per week for a period of seven years from June 30, 2000, and, as child support, $990.00 per month (the "Maintenance Award"); (3) a June 3, 2002 Amended Decision and Order (the "Amended Order"), a copy of which was also attached to the Original Complaint: (a) upheld the Maintenance Award; (b) ordered the Debtor to pay back maintenance in the amount of $11,250.00 (the "Back Maintenance"); (c) ordered the Debtor to pay $1,005.00 per month in child support plus seventy-four percent of unreimbursed medical expenses of the couple's children (the "Child Support Award"); and (d) determined that there were child support arrearages in the amount of $9,974.00 plus interest (the "Back Child Support"); (4) specifically alleged that, "accordingly, the awards of maintenance and support, both arrears and future payments, are nondischargeable under 11 U.S.C. §§ 523(a)(5) and 523(a)(15)"; (5) in its "Wherefore clause" stated that, "Wherefore, Plaintiff respectfully demands judgment: (a) declaring the Defendant's indebtedness to Plaintiff for child support and maintenance, both arrears and future payments, as nondischargeable pursuant to 11 U.S.C. §§ 523(a)(5) and 523(a)(15)"; and (6) in the remaining requests of the "Wherefore clause" requested judgment for the specific dollar amounts previously set forth in the Original Complaint for maintenance arrears, future maintenance, child support arrears, future child support and future unreimbursed medical expenses.

A January 21, 2003 Answer to the Original Complaint stated as affirmative defenses that: (1) Anderson's claim, in whole or in part, was one of an equitable distributive award and not support/maintenance, and was therefore a dischargeable debt; and (2) the Section 523(a)(15) claim failed to state a cause of action.

On February 11, 2003, Anderson filed a motion for leave to amend her Complaint in the Anderson Adversary Proceeding (the "Amendment Motion"), which asserted that: (1) the Original Complaint in the Adversary Proceeding asserted a cause of action pursuant to Sections 523(a)(5) and 523(a)(15) claiming that two awards, one for maintenance and one for support, as set forth in the Amended Order, were nondischargeable; (2) no discovery had taken place in the Adversary Proceeding; (3) Anderson was seeking leave to file an attached amended complaint (the "Amended Complaint") in order to set forth an additional cause of action to allege that two additional awards made by the State Court in the Amended Order were nondischargeable pursuant to Sections 523(a)(15); (4) these two additional awards were: (a) a $33,167.50 award which represented one-half of the proceeds of the sale of the couple's Philadelphia, Pennsylvania condominium (the "Condo Award"); and (b) a $36,500.00 award for enhanced earnings because the Debtor obtained an MBA during the marriage (the "Enhanced Earnings Award") (collectively, the "Condo and Enhanced Earnings Awards"); (5) in this case, since there had been no delay, bad faith, dilatory motive or repeated failure to

cure deficiencies on the part of Anderson, and there would be no undue prejudice to the Debtor by allowing the amendment, leave to amend, in the discretion of the Court, should be freely given; (6) the new cause of action arose out of the same conduct, transaction or occurrence that was set forth in the Original Complaint, in that all of the obligations due from the Debtor to Anderson that she had requested in the Original Complaint and was requesting in the Amended Complaint that the Court determine to be nondischargeable, arose from the parties divorce and the Amended Order, which was an exhibit to the Original Complaint; and (7) since the Amended Order was part of the Original Complaint, the Debtor was on sufficient notice of the conduct, transaction or occurrence now placed in issue by the Amended Complaint.

In a February 11, 2003 Memorandum of Law (the "Anderson Memorandum of Law"), Anderson asserted that: (1) the deadline to file a nondischargeability claim under Section 523(a)(15) in the Debtor's case expired on December 23, 2002; (2) if the Amended Complaint is to set forth a timely cause of action pursuant to Section 523(a)(15) for the Condo and Enhanced Earnings Awards, the Court must find that it relates back to the filing of the Original Complaint on December 19, 2002; (3) Federal Rule of Civil Procedure 15(c) permits relation back if the claim asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading; and (4) in this case, since the Amended Complaint asserts claims that arose in the Debtor's divorce and from the Amended Order, which was attached to the Original Complaint, as the basis for the Section 523(a)(15) Condo and Enhanced Earnings Awards causes of action, the Original Complaint put the Debtor on sufficient notice of the "conduct, transaction or occurrence" in issue.

On February 27, 2003, the Debtor interposed Opposition to the Amendment Motion, which asserted that: (1) the Original Complaint, with specificity, sought a determination only that certain child support and maintenance awards were nondischargeable; (2) no where in the Original Complaint was there any reference to the Condo or Enhanced Earnings Awards, or language to indicate that Anderson was seeking a determination that those Awards were nondischargeable; and (3) the Original Complaint was very specific in its request for relief, and left no room for interpretation.

### DISCUSSION

### I. Amended Complaints and Relation Back

#### A. Amendment

The issue before the Court is whether Anderson may amend the Original Complaint to include an additional cause of action pursuant to Section 523(a)(15) to have the Condo and Enhanced Earnings Awards determined to be nondischargeable, and have that cause of action relate back to the date of the filing of the Original Complaint which was timely filed pursuant to Rule 4007.

As this Court stated in *In re Hector Rodriguez*, Chapter 7 Case No. 92–23388; *Michael Clary, Individually and d/b/a MCS Representatives v. Hector Rodriguez*, AP No. 93–2076, (W.D.N.Y. September 30, 1993) (*"Rodriguez"*), Bankruptcy Rule 7015 incorporates Rule 15 of the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 15(a) provides:

Amendments. A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is

permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be longer, unless the court otherwise orders.

■ The allowance or denial of amendments to pleadings under Bankruptcy Rule 7015, and by incorporation Federal Rule of Civil Procedure 15, is within the discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971). The Federal Rules of Civil Procedure provide that amendments to pleadings be liberally granted. *In re Tester*, 56 B.R. 208, 210 (W.D.Va.1985). In the absence of undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment or futility of the amendment, the leave to amend should be "freely given" by the court. *Foman v. Davis*, 371 U.S. 178, 181–182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

**B. *Relation Back***

As the Court further stated in *Rodriguez*, the deadline for filing complaints to determine the dischargeability of a debt under Section 523(c) is governed by Bankruptcy Rule 4007. This rule provides,

a complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a)... On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.

■ The 60–day period following the first date set for the meeting of creditors is not phrased as a statute of limitations but functions as such. *In re Barnes*, 96 B.R. 833, 836 (Bankr.N.D.Ill.1989). The deadline protects debtors from post-discharge harassment by creditors claiming that their debts are not dischargeable on grounds of fraud. *Id.* at 837; *In re Figueroa*, 33 B.R. 298, 300 (Bankr.S.D.N.Y. 1983). Because of this, for creditors who have missed the deadline and seek untimely extension of their time to object to discharge, the deadline has been described as being "set in stone." *Barnes*, 96 B.R. at 837. Despite the harsh results, the court has no discretion to extend the deadline. *Id.* The rigid adherence to the deadline is based on the fact that Bankruptcy Rules 4007(c) and 9006(b)(3) reflect a considered determination that a final cut off date insuring debtors will be free after a date certain outweighs the individual hardship to creditors. *In re Klein*, 64 B.R. 372, 375 (Bankr.E.D.N.Y.1986).

■ In this case, the Original Complaint was filed on December 19, 2002, and no motion for an extension of time to file a further complaint to set forth additional causes of action was made before the December 23, 2002 deadline. Therefore, if the amendment to add a cause of action for the Condo and Enhanced Earnings Awards pursuant to Section 523(a)(15) is to be considered timely, the amendment must be allowed to relate back to the filing of the Original Complaint.

■ As also discussed in *Rodriguez*, Federal Rule of Civil Procedure 15(c) provides:

An amendment of a pleading relates back to the date of the original pleading when

(1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading . . .

Since in this case the relation back is not provided for by law, the amendment must fall under Rule 15(c)(2) to be allowed to relate back. Therefore, the cause of action must be found to arise out of the conduct, transaction or occurrence set forth in the original pleading. "The inquiry in a determination of whether a claim should relate back will focus on the notice given by the general fact situation set forth in the original pleading." *Rosenberg v. Martin*, 478 F.2d 520, 526 (2d Cir.1973), *cert. denied*, 414 U.S. 872, 94 S.Ct. 102, 38 L.Ed.2d 90 (1973). As the Bankruptcy Appellate Panel for the Ninth Circuit has said in the case of *In re Dean*,

The basic test is whether the evidence with respect to the second set of allegations could have been introduced under the original complaint, liberally construed; or as a corollary, that in terms of notice, one may fairly perceive some identification or relationship between what was pleaded in the original and amended complaints.

11 B.R. 542, 545 (9th Cir. BAP 1981), *aff'd*, 687 F.2d 307 (9th Cir.1982). While it is still the rule that an amendment which states an entirely new claim for relief based on different facts will not relate back, if a pleading indicates sufficiently the transaction or occurrence on which the claim is based, the amendments which correct the specific factual details will relate back. 3 Moore's *Federal Practice* ¶ 15.15[3], pp. 15–198 to –208. "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

## II. *The Original Complaint*

■ On December 19, 2002, the same day that the Original Complaint was filed, the Debtor's attorneys filed an adversary proceeding (the "Attorney's Adversary Proceeding") to have an award of attorney's fees in the Amended Order and the previous State Court orders (the "Attorney's Fee Award") determined to be non-dischargeable.

A review of the docket and case file for the Debtor's Chapter 7 case indicates that by December 23, 2002, the last day to file complaints for the determination that a debt was nondischargeable, the following pleadings were filed in connection with the five awards made in the Amended Order: (1) a claim for $48,578.59, filed on December 10, 2002 by Anderson's attorneys; (2) a claim for $11,250.00, filed on December 10, 2002 for Anderson by her attorneys, the amount of back maintenance specifically referred to in the Original Complaint; (3) a claim for $9,974.00, filed on December 10, 2002 for Anderson by her attorneys, the amount of back child support specifically referred to in the Original Complaint; (4) a claim for $56,520.55, filed on December 19, 2002 by Anderson's attorneys, which amended its previously filed December 10, 2002 claim; (5) the Original Complaint, filed on December 19, 2002; and (6)

the complaint in the Attorney's Adversary Proceeding, filed on December 18, 2002.

The docket and case file further indicate that on February 13, 2003, two days after the Amendment Motion was filed, a proof of claim for $152,526.50 was filed for Anderson by her attorneys, which had a copy of the Amended Order attached.

It is clear from the foregoing pleadings, the specific language of the Original Complaint and the allegations set forth in the Amendment Motion, that on December 19, 2002, when the Original Complaint was filed, for whatever reason, neither the Debtor nor her attorneys were actually focused on the potential nondischargeability of the Condo and Enhanced Earnings Awards and the need to file a complaint before December 23, 2002 if these clearly non-support equitable distribution awards were to be determined to be nondischargeable. It is equally clear that the Original Complaint was only intended to address a nondischargeability claim for the Maintenance and Child Support Awards, and that the failure to include any details of or any reference to the Condo and Enhanced Earnings Awards in the Original Complaint, with either the same specificity and attention to detail given to the Maintenance and Child Support Awards, or in general, was not a simple pleading mistake in the nature of: (1) an inartfully drawn but well intended pleading; or (2) a pleading which incorrectly references or omits a reference to a statute or rule.

Anderson has asserted that because a copy of the Amended Order was attached to the Original Complaint, the Debtor had notice of Anderson's claim that the Condo and Enhanced Earnings Awards were non-dischargeable pursuant to Section 523(a)(15), notwithstanding the specificity of the allegations of the Original Complaint which only described the Maintenance and Child Support Awards.

Anderson's theory apparently is that, notwithstanding the specificity of the allegations of the Original Complaint, the Amended Order was the conduct, transaction or occurrence from which four awards flowed to her, so that by merely attaching a copy of the Order the Debtor was provided with sufficient factual notice that all four awards made to Anderson under the Amended Order were in play in the Anderson Section 523(a)(5) and 523(a)(15) Adversary Proceeding.

However, the Debtor and his attorneys were clearly aware of the various awards made to Anderson in the Amended Order, as indicated by the fact that the Debtor scheduled Anderson for $109,500.00, representing equitable distribution and support judgments. Therefore, attaching the Amended Order to the Original Complaint without any discussion of or reference to the Condo and Enhanced Earnings Awards did not provide the Debtor and his attorney with any notice that the Anderson Adversary Proceeding was seeking a determination that those Awards were non-dischargeable. To the contrary, the fact that the Original Complaint only addressed, with great specificity, the Maintenance and Child Support Awards, may easily have been interpreted by the Debtor and his attorneys as an indication that Anderson was not pursuing the nondischargeability of the Condo and Enhanced Earnings Awards under Section 523(a)(15),[1] because the Debtor, based

---

1. Section 523 provides, in part, that:
   (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

   (15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of

upon his filed Schedules, had a negative monthly income of $2,686.00, and, therefore, no ability to pay within the meaning and intent of Section 523(a)(15), which would make those obligations dischargeable.

On February 18, 2003, after the Amendment Motion was filed but before its March 5, 2003 return date, the Court conducted a pretrial conference in the Anderson Adversary Proceeding. Having read the Original Complaint and the Debtor's Answer, and otherwise having prepared for the pretrial conference, the Court was surprised when the parties indicated that Anderson had filed the Amendment Motion to include a Section 523(a)(15) cause of action for the Condo and Enhanced Earnings Awards which she believed could relate back to the filing of the Original Complaint.

In determining whether Anderson's additional cause of action proposed in the Amended Complaint arose from the same conduct, transaction or occurrence as set forth in the Original Complaint, the question appears to be whether the Original Complaint[2] should be saved because it had attached to it a copy of the Amended Order, which was not attached for the purpose of claiming that all four awards made to Anderson were nondischargeable, but was attached to support the claim that

the Maintenance and Child Support Awards were nondischargeable.

Notwithstanding the principles and policies that: (1) leave to amend should be freely given; (2) pleading is not a game of skill in which one misstep by counsel may be decisive to the outcome; and (3) the purpose of pleading is to facilitate a proper decision on the merits, my answer to the question is, no.

I find that the Original Complaint was never intended to set forth a cause of action under Section 523(a)(15) for the Condo and Enhanced Earnings Awards. Therefore, the mere fact that the Amended Order was attached as an exhibit to the Original Complaint in order to support the Section 523(a)(5) and 523(a)(15) Maintenance and Child Support cause of action, which was the only cause of action intended to be set forth in the Complaint, and in fact set forth in great detail, does not justify relating the new Section 523(a)(15) cause of action in the Amended Complaint back to the filing of the Original Complaint. In this case, there was not a simple pleading mistake made. There was a mistake as to the assertion of a Section 523(a)(15) cause of action for the Condo and Enhanced Earnings Awards that was the equivalent of missing the December 23, 2002 filing deadline.[3]

record, a determination made in accordance with State or territorial law by a governmental unit unless—
(A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or
(B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor.

11 U.S.C. § 523 (2002).

**2.** The Court believes that the Original Complaint: (1) never intended to plead a cause of action under Section 523(a)(15) for the Condo and Enhanced Earnings Awards; and (2) as the result of its very specific allegations, really never gave the defendant notice that the Anderson Adversary Proceeding was also about that cause of action.

**3.** If the deadline for filing had been missed, the facts that: (1) the Debtor scheduled Anderson as a creditor for the Awards made in the Amended Order; (2) the Debtor knew that some part of those Awards could be de-

## CONCLUSION

Because the Section 523(a)(5) Amended Complaint cause of action for determination that the Condo and Enhanced Earnings Awards are nondischargeable cannot relate back to the filing of the Original Complaint, so that it is time barred under Sections 523(a)(15) and 523(c), the Amendment Motion is in all respects denied.

**IT IS SO ORDERED.**

termined to be nondischargeable under Section 523(a)(15); and (3) on the merits, Anderson's claims were valid and could or should have been determined to be nondischargeable, would be irrelevant.